◼ LaVaune Hutchings, Respondent, v Philip J. Hutchings, Appellant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: As a general rule, the value of the marital residence should be fixed as of the time of

trial *(see, Rosenberg v Rosenberg,* 145 AD2d 916, 918, *lv denied* 74 NY2d 603; *Wegman v Wegman,* 123 AD2d 220, 230-237). In the subject case, more than two years elapsed from commencement of the action to the time of trial, and the court did not provide any reason for its selection of the valuation date as the date of commencement of the action. We conclude that the court improvidently exercised its discretion in selecting the valuation date for the marital residence and defendant's condominium and that both properties should have been valued as of the time of trial. Based upon the record evidence, we fix the value of the marital residence at $66,500 and the value of defendant's condominium at $56,500. We conclude that the court properly exercised its discretion in fixing the valuation dates for the remaining marital assets.

Subsequent to commencement of the action, defendant gave his Volkswagen/GT car to the parties' son. In effect, the parties made a distribution of this item to their own satisfaction, and the court erred in distributing the car (and assessing its entire value) to defendant. That car should be excluded from the property subject to distribution.

The trial court also erred in refusing to include the loans for the daughter's college education as a marital debt. Defendant testified that prior to their separation, the parties cashed in some insurance policies and purchased a certificate of deposit in the plaintiff's name so the interest from the certificate could be used to pay the student loans when they became due. Although plaintiff testified that she never agreed to be responsible for her daughter's education, she failed to controvert defendant's explanation of the transaction. We conclude that the educational expense did constitute a marital debt and based upon defendant's assumption of the duty to pay that debt, the $10,000 loan amount should be included as a credit toward defendant's share of the marital assets.

Plaintiff and defendant each had Eastman Kodak and Xerox Corporation stock in their portfolios. In fixing the value of the parties' securities, the court utilized the valuations submitted by each of the parties. As a result, it placed a different value upon the same stock, and that was error. We find that the Kodak stock held by both parties should have been valued at $65.50 per share and that the Xerox stock should have been valued at $39.50 per share.

We have reviewed defendant's remaining claims and find them to be without merit. (Appeal from order of Supreme Court, Monroe County, Dugan, J.—equitable distribution.)

Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.