■ In the Matter of STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of BONNIE J. J. PADGETT, Respondent, v DONALD I. JAMES, JR., Appellant.—Order unanimously reversed on the law without costs and matter remitted to Steuben County Family Court, for further proceedings, in accordance with the following Memorandum: Petitioner commenced this proceeding for an order of support for the three children of Bonnie Padgett, a recipient of public assistance and medicaid. Following an evidentiary hearing, the Hearing Examiner directed respondent to pay child support determined by application of the child support standards set forth in Family Court Act § 413 (1). Respondent objected to the Hearing Examiner's determination, contending that, if required to pay the level of support as ordered, he would be unable to provide the bare necessities for himself and his second family. Family Court, without reviewing the recorded testimony given at the hearing, denied respondent's objections, concluding that the Legislature, in enacting the Child Support Standards Act (L 1989, ch 567), "did not provide for first born children to be discriminated against because respondent has voluntarily undertaken to support a second family".

Family Court erred in failing to review the testimony presented at the hearing and in deciding that, as a matter of law, respondent's expenses in maintaining himself and his second family were not to be considered in fixing the level of child support for the children of his first marriage. There is a presumption that the standard of support calculated pursuant to Family Court Act § 413 (1) (c) is reasonable and appropriate. The presumption may be rebutted, however, by proof that application of the support standard would be unjust or inappropriate (see, Family Ct Act § 413 [1] [f]; 4 Foster, Freed & Brandes, Law and the Family-New York § 2:12 [1990 Supp]; 11C Zett-Kaufman-Kraut, NY Civ Prac § 67.02 [5]). In considering whether application of the standard would be unjust or inappropriate, the court must consider, among other enumerated factors, respondent's support obligation to a child of a subsequent marriage (see, Family Ct Act § 413 [1] [f] [8]; 1 Tippins, New York Matrimonial Law and Practice § 5A:45) and any other relevant factors, one of which is respondent's current debt and expenses in the maintenance of his household (see, Family Ct Act § 413 [1] [f] [10]; 1 Tippins, op. cit., § 5A:47). Respondent raised factual issues concerning whether application of the statutory standard was unjust or inappropriate, and Family Court should have reviewed the entire record before the Hearing Examiner. Accordingly, we remit

this matter for a proper review of that record by a different Judge. (Appeal from Order of Steuben County Family Court, Finnerty, J.—Child Support.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.