■ Howard T. Mowers, Appellant, v Judith E. Mowers,
Respondent. (Appeal No. 1.) [645 NYS2d 232] —Judgment unani-
mously affirmed with costs. Memorandum: Plaintiff appeals
from an order and judgment that granted defendant a money
judgment for arrears pursuant to Domestic Relations Law § 244
and denied the cross motion of plaintiff for credits allegedly
due him. Supreme Court properly granted judgment without
conducting an evidentiary hearing (*see, Paul v Paul*, 200 AD2d
820, *lv dismissed* 83 NY2d 953). Domestic Relations Law § 244
provides for an expedited procedure to resolve issues of arrear-
ages, and a hearing is required only in certain limited instances
(*see, Gunsburg v Gunsburg*, 173 AD2d 232). The stipulation of
the parties, which was incorporated but not merged in the
judgment of divorce, required plaintiff to "be responsible for
the mortgage and lien that are existing on [the former marital]
property currently" and that plaintiff would "hold the wife
harmless on those two obligations". Plaintiff's admitted failure
to comply with those obligations resulted in the banks' ac-
celerating the amounts due under the mortgage notes and the
commencement of foreclosure proceedings. Plaintiff was
responsible for payment of the amounts due on the loans pur-
suant to the terms of the stipulation. Thus, the court properly
concluded that plaintiff was obligated under the hold harmless
provision of the parties' stipulation to pay the amount that
became due because of plaintiff's failure to make the required
monthly payments.

Plaintiff contends that the court erred in denying his cross
motion for enforcement of the stipulation insofar as it provided
for a credit due on the marital debt. The stipulation also
provided, however, that an adjustment "will be made out of
any valuation of the [chiropractic] license". It was agreed that
the value of plaintiff's practice was $100,000 and that plaintiff
would pay defendant a lump sum distributive award in that
amount, which was to be payable in seven years. Thus, by the
express terms of the stipulation, plaintiff was not entitled to a
present credit against the mortgage and lien debt due to the
bank.

There is no merit to plaintiff's contention that the court
erred in awarding interest on the money judgment (*see*, Do-
mestic Relations Law § 244). Although the court did not give
any reason for awarding defendant interest on the judgment,
it is implicit that the court found that plaintiff's failure to pay

the mortgage payments was a "willful" default (Domestic Relations Law § 244), and the record supports such a finding. (Appeal from Judgment of Supreme Court, Herkimer County, Tenney, J.—Arrears.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.