■ LORI A. GEORGE, Respondent, v GERALD A. GEORGE, Appellant. [656 NYS2d 1016] —Judgment and order unanimously affirmed without costs. Memorandum: Upon our review of the record, we conclude that Supreme Court did not abuse its discretion by valuing the marital farm as of the date of commencement of the divorce action rather than the date of commencement of the trial (*see*, Domestic Relations Law § 236 [B] [4] [b]; *Dempster v Dempster*, 204 AD2d 1070; *Markel v Markel*, 197 AD2d 934).

We reject the contentions of defendant that the court erred in declining to characterize certain assets as separate property and in failing to consider defendant's proof concerning $52,035 in marital debt and passive depreciation of the farm. The court was not bound by defendant's own financial account and, because defendant failed to trace the assets he claimed to be separate property, the court properly treated those assets as marital property (*see, Saasto v Saasto*, 211 AD2d 708, 709). The

trial court was in the best position to assess the evidence and make credibility determinations and we decline to disturb the court's determinations, regarding the marital debt and the alleged passive depreciation of the farm.

The record establishes that the "milk equity" checks in dispute were earned during the marriage. The court therefore properly treated them as marital property and distributed them accordingly (*see, Hartog v Hartog,* 85 NY2d 36, 49; *Olivo v Olivo,* 82 NY2d 202; *Clark v Clark,* 219 AD2d 787). The court did not abuse its discretion in awarding attorney's fees to plaintiff (*see, Bushorr v Bushorr,* 129 AD2d 989). (Appeal from Judgment and Order of Supreme Court, Erie County, Flaherty, J.—Equitable Distribution.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.