■ In the Matter of Chautauqua County Commissioner of Social Services, on Behalf of Jessica R., Appellant, v Dana R., Respondent. [665 NYS2d 130] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Chautauqua County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in denying petitioner's objection to the Hearing Examiner's order of support. In computing respondent's support obligation for Jessica R., the subject of this sup-

port proceeding, the Hearing Examiner improperly adjusted respondent's income by deducting the entire amount of an income execution issued by the Child Support Enforcement Unit in another support matter (*see,* Family Ct Act § 413 [1] [b] [5] [vii] [D]; CPLR 5241). The portion of the execution that is applied to arrears in the other matter is not "actually paid pursuant to court order or written agreement" (Family Ct Act § 413 [1] [b] [5] [vii] [D]), and thus is not properly deductible. Respondent's other support obligation may be taken into account under section 413 (1) (f) of the Family Court Act upon a claim that the basic child support obligation is unjust or inappropriate (*see, Matter of Steuben County Dept. of Social Servs. [Padgett] v James,* 171 AD2d 1023). We modify the order, therefore, by granting petitioner's objection and remitting the matter to Chautauqua County Family Court for a recomputation of respondent's support obligation. (Appeal from Order of Chautauqua County Family Court, Ward, J.—Support.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.