■ In the Matter of RHONDA JOHNSON, Respondent, v ANTHONY ROBUSTO, Appellant. [678 NYS2d 178] —Order unanimously affirmed without costs. Memorandum: Family Court

did not err in affirming the order of the Hearing Examiner that directed respondent father to pay $60 per week to support his daughter in addition to paying for her health insurance and half of all day care and unreimbursed medical expenses. Contrary to respondent's contention, petitioner mother was not required to establish a prima facie case of the child's need for support. Under the Child Support Standards Act (CSSA), "[t]here is a presumption that the standard of support calculated pursuant to Family Court Act § 413 (1) (c) is reasonable and appropriate" (*Matter of Steuben County Dept. of Social Servs. [Bonnie J.] v James*, 171 AD2d 1023). It is the noncustodial parent's burden to rebut that presumption "by proof that application of the support standard would be unjust or inappropriate (*see*, Family Ct Act § 413 [1] [f])" (*Matter of Steuben County Dept. of Social Servs. [Bonnie J.] v James, supra*, at 1023). Respondent failed to rebut the presumption.

Respondent contends that no child support should have been ordered because he and petitioner have joint legal custody of their child and both parties have substantial rights regarding her physical custody. However, "child support in a shared custody case should be calculated as it is in any other case" (*Bast v Rossoff*, 91 NY2d 723, 725). Under the circumstances of this case, respondent is deemed the noncustodial parent for the purposes of the CSSA (*see, Bast v Rossoff, supra*, at 728).

The record supports the Hearing Examiner's findings that respondent's income, although not capable of exact determination, is considerably higher than respondent represents it to be. According to respondent, his income from his self-employment as a real estate agent and appraiser was $17,500. In addition, under Family Court Act § 413 (1) (b) (5) (iv), "at the discretion of the court, the court may attribute * * * income from, such other resources as may be available to the parent, including, but not limited to * * * (D) money, goods, or services provided by relatives and friends". Thus, the Hearing Examiner attributed to respondent $3,000 in gifts from his brother to pay respondent's mortgage. He also considered an order directing respondent to pay $40 per week for support of children from a prior marriage (*see*, Family Ct Act § 413 [1] [b] [5] [vii] [D]). In his written objections to the Hearing Examiner's findings, respondent failed to object to the failure to deduct FICA taxes he paid from his income under the CSSA (*see*, Family Ct Act § 413 [1] [b] [5] [vii] [H]), and the record does not reveal precisely what those payments were. In any event, the Hearing Examiner's finding that the lifestyle of respondent belied his claim that his income was less than $20,000 per year

is fully supported by the record, and there is no basis to disturb Family Court's affirmance of the support order. (Appeal from Order of Wayne County Family Court, Kehoe, J.—Support.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.