■ In the Matter of MILDRED J. FLANIGÁN, Respondent, v DOUGLAS KNIPPLE, Appellant. [698 NYS2d 769] —Yesawich Jr., J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered September 3, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of an order of child support.

After a hearing, triggered by petitions filed by each party, the Hearing Examiner found that respondent willfully violated a 1993 support order, modified the order in petitioner's favor and dismissed respondent's cross petition seeking to charge petitioner with violating that order and for a downward modification of his child support obligation. Thereafter, Family Court denied respondent's objections and affirmed the Hearing Examiner's determination. Respondent appeals.

Respondent takes issue with the determination that he willfully breached his obligation. As the record discloses that respondent had the ability to pay and yet failed to do so as required—the payments were late—this alone suffices to war-

rant Family Court's finding (*see, Matter of Laeyt v Laeyt*, 256 AD2d 743).

Also unpersuasive is respondent's claim that, *inter alia*, Family Court erred in granting petitioner's request for an upward modification of the 1993 order of support. As a consequence of the parties' stipulation, petitioner satisfied her initial burden of showing a change in circumstances, which the court not unreasonably found to be of sufficient magnitude to justify upward modification, leaving to be resolved whether the amount awarded comports with the provisions of the Child Support Standards Act. The parties' combined parental income after FICA was deducted was $75,715, which when multiplied by 17%, the applicable percentage for one child (*see,* Family Ct Act § 413 [1] [b] [3] [i]), produces an annual total support obligation of $12,871.71. Respondent's pro rata share thereof (65%) equals an annual obligation of $8,366.61, or an increase of $1,462.61 over that ordered pursuant to the May 1993 order of support. The Hearing Examiner having properly arrived at this result, and given respondent's failure to rebut the statutory presumption that the calculation was just and appropriate (*see,* Family Ct Act § 413 [1] [f]; *Matter of Neil v Neil*, 232 AD2d 771, 772), the increased award is fully justified.

Respondent also challenges the propriety of Family Court's decision dismissing his cross petition which asserted that petitioner did not abide by the 1993 order insofar as it required her to sign any documents "necessary" to enable respondent to claim a child care credit on his Federal income tax return for moneys he expended on day care for the child. As respondent correctly notes, there is a relationship between the dependency exemption and the eligibility for the child care tax credit (*see,* 26 USC § 21); in this case, however, given that the parties are not divorced parents, the statute is inapplicable and, as we have not been apprised of any other basis for relief, the petition must be dismissed. We have considered respondent's remaining arguments and find them to be without merit.

Cardona, P. J., Mikoll, Mercure and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.