■ MARY E. ROEHMHOLDT, Appellant-Respondent, v PHILIP E. RUSSELL, Respondent-Appellant. [712 NYS2d 709] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals and defendant cross-appeals from a judgment granting plaintiff a divorce and distributing the parties' marital assets. The parties were married on August 29, 1987, and two children were born of the marriage. Supreme Court properly credited plaintiff with separate property comprised of funds from a Shearson account, to which was added approximately $19,000 that plaintiff received as a buyout of shares from the medical group that employed her before she established her own practice in 1989. Those funds, totaling $67,916, were then transferred from the Shearson account to a Raymond James account. Because the $19,000 was part of the Raymond James account, the court erred in determining that both the Raymond James account and the $19,000 were plaintiff's separate property. We therefore modify the judgment by vacating that part of the fourth decretal paragraph

determining that $19,000 is plaintiff's separate property, thereby increasing the total marital value of the accounts from $373,756.28 to $392,756.28.

The court properly determined that the appreciation of the Raymond James account is marital property. Plaintiff failed to present any evidence to support her assertion that the appreciation was due solely to market forces (*see, e.g., Price v Price*, 69 NY2d 8, 18; *cf., Harris v Harris*, 242 AD2d 558). Plaintiff also failed to establish that series EE bonds in the amount of $30,000, purchased by plaintiff after the commencement of the action with marital funds, were her separate property. The bonds were in plaintiff's name, payable to the children at plaintiff's death. Although plaintiff testified that the bonds were purchased as a means to save for the children's college educations, this is not a case where the parties agreed to make a gift of marital property "to their own satisfaction" (*Hutchings v Hutchings*, 155 AD2d 971, 972), and thus the court properly determined that the bonds were marital property. The court also properly determined that plaintiff failed to establish that an account from which she made mortgage payments was retained as her separate property (*see, George v George*, 237 AD2d 894, 895).

Contrary to plaintiff's contention, the court did not abuse its discretion in valuing the State Street account and the Hartford pension as of the date of commencement of the action, despite the fact that their values were reduced by the time of trial because of market forces and legal expenses. It is within the court's discretion to determine the valuation date (*see*, Domestic Relations Law § 236 [B] [4] [b]). Although plaintiff testified that a decline in the stock market affected those assets, the court also considered that plaintiff transferred the funds from the State Street account to another account and withdrew funds for legal fees from the Hartford pension with the knowledge that the withdrawal was subject to penalties and taxes. The reduction in those assets is not solely the result of market forces, and thus we conclude that the court did not abuse its discretion in valuing those assets as of the date of commencement of the action (*cf., Kosovsky v Zahl*, 257 AD2d 522, 523).

We reject plaintiff's contention that the court erred in distributing the cash value of the parties' life insurance policies. We also reject the contentions of the parties that the court erred in distributing 30% of plaintiff's medical practice to defendant (*see, Vail-Beserini v Beserini*, 237 AD2d 658, 659-660). "[T]he court has great flexibility and discretion to fashion an equitable award" (*Lester v Lester*, 237 AD2d 872, 874), and we conclude that the court did not abuse that discretion.

The court abused its discretion, however, in denying defendant's request for maintenance. Although the parties lived frugally during the marriage, defendant is employed full time and his earnings can be supplemented with income from the assets received as his share of the marital estate, nevertheless, the life-style of defendant has been drastically reduced and his income in 1997 was $21,000 while the income of plaintiff, a physician, was $144,000. Thus, we further modify the judgment by directing plaintiff to pay defendant $2,000 per month for a period of 36 months, commencing November 6, 1997, the date of defendant's application therefor (*see, Wood v Wood,* 256 AD2d 1242, 1242-1243), and we remit the matter to Supreme Court to determine whether the retroactive maintenance shall be paid in one sum or periodic sums (*see,* Domestic Relations Law § 236 [B] [6] [a]). In light of our determination with respect to maintenance, we further direct the court upon remittal to determine the amount of child support to be awarded to plaintiff (*see,* Domestic Relations Law § 240 [1-b] [c]).

Finally, the court erred in failing to distribute the pension and profit-sharing plan from plaintiff's former employer. Defendant is entitled to an equitable share of those assets from the date of the marriage to the date on which plaintiff's employment ended (*see, Majauskas v Majauskas,* 61 NY2d 481, 485-486; *Neumark v Neumark,* 120 AD2d 502, 504, *lv dismissed* 69 NY2d 899). Thus, we further direct the court upon remittal to distribute plaintiff's pension in accordance with the *Majauskas* formula and to distribute the profit-sharing plan. (Appeals from Judgment of Supreme Court, Erie County, O'Donnell, J.—Matrimonial.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.