■ THERESA HAVELL, Appellant, v AFTAB ISLAM, Respondent. [734 NYS2d 841] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered October 25, 2000, which, upon renewal of a prior order entered June 9, 2000, as supplemented by an order entered June 21, 2000, *inter alia*, awarded defendant husband an advance against his share of equitable distribution so as to enable him to pay the fee of his attorneys in a criminal proceeding in which he was charged with attempting to murder plaintiff and pleaded guilty to assault in the first degree, unanimously affirmed, without costs. Appeal from the aforesaid order of June 9, 2000, as supplemented by the order of June 21, 2000, unanimously dismissed, without costs, as superseded by the appeal from order of October 25, 2000.

Plaintiff's claim that the motion court lacked authority to award defendant an advance against equitable distribution for the purpose of paying attorneys' fees incurred outside the context of the instant matrimonial action is based upon a mischaracterization of the award. The award was not for attorneys' fees but rather for necessary expenses incurred during the pendency of the instant action, and is fully consonant with the prior order of this Court affirming a pretrial distribution of marital assets and recognizing defendant's "possible need for more money in the future" (273 AD2d 164). In making the award, the motion court properly balanced the parties' respective needs and resources, and appropriately noted the very small percentage of the estimated marital estate that the advance represented. While fault may be considered for purposes of equitable distribution when conduct is so egregious as to shock the conscience (surely the situation here), even then, such conduct is only one factor to be considered and does not necessarily preclude an award of equitable distribution (*see, Blickstein v Blickstein*, 99 AD2d 287, 293, *appeal dismissed* 62 NY2d 802; *Brancoveanu v Brancoveanu*, 145 AD2d 395, 398-399, *lv dismissed* 73 NY2d 994, *cert denied* 502 US 854). We have considered plaintiff's other arguments and find them to be unavailing. Concur—Rosenberger, J. P., Williams, Wallach and Lerner, JJ.