ANDREW R. BOARDMAN, Respondent, v SHARON L. BOARDMAN, Appellant. (Appeal No. 1.) [752 NYS2d 777] —Appeal from a judgment of Supreme Court, Erie County (O'Donnell, J.), entered September 4, 2001, which, inter alia, distributed the parties' marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject defendant's challenges to Supreme Court's disposition of the parties' property in this matrimonial action. Defendant failed to meet her burden of tracing the source of the funds that she loaned to plaintiff to her separate property, i.e., an inheritance she received during the marriage from her mother. Defendant thus failed to substantiate her contention that she is entitled to be credited with the amount of those funds in the distribution of assets (see Haas v Haas, 265 AD2d 887, 888; Judson v Judson, 255 AD2d 656, 657). The court did not abuse its discretion in valuing the parties' IRA accounts and plaintiff's stock account as of the date of commencement of the action (see Roehmholdt v Russell, 272 AD2d 938, 939) and the marital residence as of the date of trial (see Hutchings v Hutchings, 155 AD2d 971, 971-972). The record establishes that the marital residence, purchased by plaintiff 17 years prior to the marriage, appreciated in value during the marriage partly as the result of defendant's direct contributions, and that the appreciation thus constitutes marital property (see Price v Price, 69 NY2d 8, 19). In view of the conflicting evidence with respect to the portion of the appreciation in value attributable to defendant's efforts, we see no basis to disturb the percentage of the appreciation distributed to defendant (see Lauria v Lauria, 187 AD2d 888, 889). Contrary to defendant's further contention, it is evident that the Referee properly set forth in his report the statutory factors he considered and the reasons for his decision (see McCanna v McCanna, 274 AD2d 949). The Referee, moreover, was not required to consider factors on which the parties presented no evidence (see Ferlo v Ferlo, 152 AD2d 980, 982). We reject defendant's contention that the unequal distribution of marital assets constitutes an

abuse of discretion (*see Niland v Niland,* 291 AD2d 876, 877). Defendant failed to establish that plaintiff's failure to make temporary maintenance payments was willful, and thus "[defendant] is not automatically entitled to counsel fees under Domestic Relations Law § 237 (c)" (*Markhoff v Markhoff,* 225 AD2d 1000, 1002, *lv denied* 88 NY2d 807). The court did not abuse its discretion in declining to award counsel fees incurred by defendant in seeking to enforce the temporary order (*see id.*), nor did the court abuse its discretion in otherwise declining to award counsel fees to defendant (*see* § 237 [a]; *Chase v Chase,* 208 AD2d 883, 885). Finally, in view of the parties' pre-divorce standard of living and the relevant statutory factors, the court properly declined to make an award of maintenance to defendant (*see generally* § 236 [B] [6] [a]; *Hartog v Hartog,* 85 NY2d 36, 52). Present—Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.