Navino L. Ponzi, Respondent-Appellant, v Peggy B. Ponzi, Appellant-Respondent. [845 NYS2d 605]—

Appeal and cross appeal from a judgment of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered July 31, 2006 in a divorce action. The judgment, among other things, distributed the marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this divorce action, defendant appeals from a judgment and plaintiff cross-appeals from a previously entered "decision and order." The latter document did not actually order anything, however, despite Supreme Court's statement that it "shall constitute the Order of the Court," and no appeal lies from a mere decision (*see Pecora v Lawrence*, 28 AD3d 1136, 1137 [2006]; *Kuhn v Kuhn*, 129 AD2d 967 [1987]). We nevertheless exercise our discretion to treat the notice of cross appeal as valid and deem the cross appeal as taken from the judgment (*see* CPLR 5520 [c]; *Kimmel v State of New York*, 38 AD3d 1155 [2007]).

With respect to the appeal, we conclude that the court properly determined that the balance of defendant's U.S. Government Thrift Savings Plan (Savings Plan), with the exception of the amount in the Savings Plan at the time of the marriage, was marital property subject to equitable distribution. Here, the parties agreed that the amount in the Savings Plan at the time of the marriage was $9,156.87 and was defendant's separate property. Defendant failed, however, to offer evidence that the appreciation in that separate property resulted solely from passive market forces (*see Roehmholdt v Russell*, 272 AD2d 938, 939 [2000]). Thus, because the appreciation occurred during the marriage, it is presumptively marital property, and de-

fendant failed to overcome the presumption by establishing that the property is separate (*see generally Price v Price*, 69 NY2d 8, 17-18 [1986]; *Parkinson v Parkinson*, 295 AD2d 909 [2002]).

Contrary to the contention of defendant, the record supports the court's distribution of her pension. It was within the court's discretion to direct defendant to select a 50% survivor pay-out option for her pension and to direct that plaintiff's share of each periodic payment be calculated as though defendant has selected an option providing for the highest periodic payment during her lifetime so that plaintiff's share of that asset would not be impaired (*see Ferriera v Ferriera*, 112 AD2d 22, 23 [1985]; *see also McDermott v McDermott*, 119 AD2d 370, 376 [1986], *appeal dismissed* 69 NY2d 1028 [1987]; *Farsace v Farsace*, 97 AD2d 951, 952 [1983]). The further contention of defendant that plaintiff's share of her pension should be reduced because she is a federal employee and thus ineligible to receive Social Security benefits is not properly before us. That contention is improperly raised for the first time in defendant's reply brief (*see Turner v Canale*, 15 AD3d 960 [2005], *lv denied* 5 NY3d 702 [2005]). In any event, it is without merit because the record contains evidence that defendant in fact contributes to and is eligible to receive Social Security benefits.

With respect to the cross appeal, we further conclude that the court's award of maintenance to plaintiff in the amount of $325 per week for a period of five years, which was determined following a thorough analysis of the parties' finances, was not an abuse of discretion (*see generally Anderson v Anderson*, 286 AD2d 967, 969 [2001]). The record establishes that defendant was the primary earner throughout the 10-year marriage, that plaintiff is presently unemployed and receiving a disability pension, that there is a large disparity in the parties' incomes, and that the total amount of plaintiff's pension income and the maintenance award is more than adequate to meet the reasonable needs of plaintiff, in view of his predivorce standard of living (*see Hartog v Hartog*, 85 NY2d 36, 52 [1995]). Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.