■ In the Matter of PAUL MARCKLINGER, Appellant, v JOANNE LIEBERT, Respondent. (And Another Related Proceeding.) [899 NYS2d 446]—

Malone Jr., J. Appeal from that part of an order of the Family Court of Saratoga County (Abramson, J.), entered September 4, 2008, which, in two proceedings pursuant to Family Ct Act article 4, denied petitioner's objection to the calculation of his child support obligation.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) were divorced in 2005 and are the parents of two children (born in 1986 and 1990). The father commenced the first of these proceedings in October 2007, seeking to modify his child support obligation as set forth in the judgment of divorce due to, among other reasons, the parties' eldest child reaching the age of emancipation. The mother then filed a petition, alleging, among other things, that the father had not been paying his share of the children's medical expenses.

1432

As is relevant here, following a combined fact-finding hearing on the petitions, the Support Magistrate reduced the father's child support obligation for the remaining dependent child by approximately $100 per week. The father filed objections to the order, disputing the Support Magistrate's calculation of the mother's income and claiming that there was no evidence to support a calculation of the support obligation that included the combined parental income over $80,000. Finding that the Support Magistrate's order contained conflicting calculations regarding the parties' pro rata percentages—some reflected the mother's income inclusive of maintenance payments, while some did not—Family Court remitted the matter to the Support Magistrate for correction and reconciliation on that issue, but otherwise denied the objections. The father appeals from that part of the order which denied his objection to the calculation of his child support obligation.

Initially, we are not persuaded by the father's contention that the calculation of his child support obligation should be limited to his income up to $80,000. In calculating child support obligations, a court is statutorily required to determine the total amount of the combined parental income (*see* Family Ct Act § 413 [1] [c] [1]) and then apply the statutory child support percentage to all of the income up to $80,000 (*see* Family Ct Act § 413 [1] [c] [2]). For any combined parental income exceeding $80,000, "the court shall determine the amount of child support" for that amount based upon the statutory percentages, a consideration of the factors set forth in Family Ct Act § 413 (1) (f) or a combination of both (Family Ct Act § 413 [1] [c] [3]; *see Matter of Cassano v Cassano*, 85 NY2d 649, 653-654 [1995]). Thus, contrary to the father's claim, the Support Magistrate did not err by considering the parties' combined income in excess of $80,000 in its calculation of the child support obligation.

However, although it was within the Support Magistrate's discretion to apply the statutory percentage rather than the so-called paragraph (f) factors, to the parties' income in excess of $80,000, the Support Magistrate was nevertheless required to articulate a basis for such decision. Here, there is no rationale or discussion provided in the Support Magistrate's decision that "reflect[s] both that the court ha[d] carefully considered the parties' circumstances and that it ha[d] found no reason . . . [for] a departure from the prescribed percentage" (*Matter of Cassano v Cassano*, 85 NY2d at 655). Absent such articulation, there can be no meaningful abuse of discretion review (*see id.*) and we are constrained to remit the matter to Family Court for further proceedings on this issue.

Finally, the father's remaining contention regarding the effective date of his child support obligation is not preserved and, thus, not properly before this Court.

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as fixed petitioner's child support obligation; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as modified, affirmed.