JAMIE W. SHARLOW, Respondent, v ROBERT J. SHARLOW, Appellant. [908 NYS2d 287]—

Appeal from a judgment of the Supreme Court, Oneida County (Bernadette T. Romano, J.), entered May 14, 2009 in a divorce action. The judgment, inter alia, equitably distributed the marital property of the parties.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from a judgment of divorce that, inter alia, directed him to pay $825.90 per month in child support and $650 per month in maintenance for a period of 36 months, distributed the parties' debts and assets and ordered him to pay counsel fees to plaintiff in the amount of $1,000. We conclude that Supreme Court did not abuse its discretion in imputing income of $45,000 to defendant for the purposes of calculating his maintenance and child support obligations. Contrary to defendant's contention, "a court is not required to find that a parent deliberately reduced his or her income to avoid a child support obligation before imputing income to that parent" (*Irene v Irene* [appeal No. 2], 41 AD3d 1179, 1180 [2007]), and a "court may properly find a true or potential income higher than that claimed where the party's account of his or her finances is not credible" (*Matter of Strella v Ferro*, 42 AD3d 544, 545 [2007]). Here, the record establishes that defendant consistently underreported his income as a plumber, and the testimony of defendant and documentary evidence presented at trial concerning his income was less than credible. For example, defendant failed to list any income on his 2007 statement of net worth, despite the fact that he earned wages and collected employment benefits during that year. The $45,000 in imputed income was based upon the average salaries of plumbers as reported by the New York State Department of Labor, defendant's history of earnings, and the evidence that defendant worked "under the table." Inasmuch as the record supports the court's imputation of $45,000 in income to defendant, we see no basis to disturb that determination (*see Matter of Rubley v Longworth*, 35 AD3d 1129, 1130-1131 [2006], *lv denied* 8 NY3d 811 [2007]; *Matter of Johnson v Robusto*, 254 AD2d 828, 829-830 [1998]).

We further conclude that the court's maintenance award did not constitute an abuse of discretion (*see Oliver v Oliver*, 70 AD3d 1428, 1430 [2010]). Contrary to defendant's contention, the record establishes that the court considered the factors set forth in Domestic Relations Law § 236 (B) (6) (a) and based its award on the length of the marriage, the age of the parties, the

disparate incomes of the parties and defendant's superior earning capacity as compared to that of plaintiff. Plaintiff, who was 44 years old at the time of the trial, had been out of the workforce for more than a decade because of a disability and her responsibilities as caretaker of the parties' children. In 2006 plaintiff obtained a job as a clerk at a rate of $10 per hour, but she testified that it was difficult to work full-time because of her child care responsibilities and her inability to afford daycare. The monthly expenses of plaintiff exceed her monthly income, and she has substantial debts, including approximately $7,000 to $10,000 in medical bills from periods when she and the parties' children were uninsured.

Defendant's further contention that the court erred in its valuation of real property located at West Court Street in Utica is without merit. Marital assets may be valued at "anytime from the date of commencement of the action to the date of trial" (Domestic Relations Law § 236 [B] [4] [b]), and "the appropriate date for measuring the value of marital property [is] left to the sound discretion of the . . . court[ ]" (*McSparron v McSparron*, 87 NY2d 275, 287 [1995], *rearg dismissed* 88 NY2d 916 [1996]; *see Weissman v Weissman*, 8 AD3d 264, 265 [2004]). Here, the court properly exercised its discretion in valuing the property as of approximately two months before trial (*see generally Collins v Donnelly-Collins*, 19 AD3d 356 [2005]; *Boardman v Boardman*, 300 AD2d 1110 [2002]). We further conclude that the court properly valued the property at $24,900 in accordance with the testimony of plaintiff's expert, a licensed real estate agent with over 20 years of experience, who based her valuation on comparable sales over a six-month period and a visual inspection of the property (*see Griffin v Griffin*, 115 AD2d 587, 588 [1985]). Contrary to defendant's contention, the court properly calculated plaintiff's share of the equity in the property.

We conclude that the court did not abuse its discretion in requiring defendant to pay a portion of plaintiff's counsel fees (*see generally Bushorr v Bushorr*, 129 AD2d 989 [1987]). Defendant contends that the court erred in awarding counsel fees without conducting a hearing because the parties did not consent to a determination of that issue upon written submissions. That contention is not preserved for our review inasmuch as defendant failed to request a hearing with respect to the ability of plaintiff to pay her own counsel fees or the extent and value of the legal services rendered to her (*see generally Petosa v Petosa*, 56 AD3d 1296, 1298 [2008]). In any event, defendant's contention lacks merit. Unlike the case relied upon by defendant (*see Redgrave v Redgrave*, 304 AD2d 1062, 1066-1067

[2003]), the court awarded counsel fees in this case after a trial in which the financial condition of the parties was amply explored and documented. Moreover, we conclude that "the evidence presented by the parties concerning their respective financial conditions supports the award of [counsel] fees to plaintiff" (*Lewis v Lewis*, 70 AD3d 1432, 1433 [2010]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.