◼ In the Matter of MICHELE J. SEELOW, Appellant, v ROBERT S. SEELOW, Respondent. [917 NYS2d 423]—

Peters, J.P. Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered August 6, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

The parties are the parents of a child born in 1991. Petitioner (hereinafter the mother), pro se, commenced this proceeding in June 2008 seeking an order directing respondent (hereinafter the father) to pay child support. In opposition, the father asserted that the child was emancipated and, following a hearing, a Support Magistrate agreed. Family Court (DeSantis, J.) granted the mother's objections to the Support Magistrate's findings, concluding that the child was not emancipated for the purpose of child support and was entitled to support from both parents in accordance with the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]).[1] Accordingly, the court restored the mother's petition and remanded the case to the Support Magistrate "for determination of specific statutory child support obligations of the parties, retroactive to the date of filing of the original petition."

At the ensuing trial, the mother appeared without an attorney and testified on her own behalf. At the close of the mother's case, the father moved to dismiss the petition on the ground that the mother failed to make a prima facie case of entitlement to child support. The Support Magistrate agreed and dismissed the petition. Family Court (Skoda, J.) denied the mother's objections, finding that dismissal of the petition was appropriate because the mother failed to submit proof that she was "providing for and incurring costs on behalf of the child that should be apportioned between the parents." The mother now appeals.

We reverse. "[T]he parents of a child under the age of twenty-one years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, shall be required to pay for child support a fair and reasonable sum as the court may determine" (Family Ct Act § 413 [1] [a]). The CSSA provides a three-step method for determining child sup-

---

1. Family Court found, among other things, that the child resides with the mother, is under her parental control and that the mother "provides for food, shelter, clothing[,] use of her car and assists [the child] with spending money."

port. First, the court calculates combined parental income; second, the court multiplies that figure (up to $80,000) by a specified percentage based upon the number of children in the household—in this case, 17% for one child—and then allocates that amount based on each parent's share of total income; and, third, if combined income exceeds $80,000, the court determines additional support by considering the pertinent statutory factors set forth in Family Ct Act § 413 (1) (f) (*see* Family Ct Act § 413 [1] [c]; *Holterman v Holterman*, 3 NY3d 1, 10-11 [2004]; *Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]; *Armstrong v Armstrong*, 72 AD3d 1409, 1412 [2010]).[2]

Here, the child had been found not to be emancipated, it is undisputed that the mother is the child's legal custodian, and the mother testified at trial that the child continues to reside with her and that she provides for him. Furthermore, pursuant to the disclosure mandates of Family Ct Act § 424-a, the mother filed with the court a financial disclosure affidavit, which indicated that she was currently earning no income. The father also filed an affidavit, along with his 2007 income tax return. While the mother's testimony was brief[3] and the Support Magistrate precluded admission of certain documents offered by her as hearsay, the mother's testimony and the financial documentation presented were sufficient to establish a support obligation on the part of the father and to permit the application of the CSSA to calculate the father's child support obligation (*compare Matter of Congdon v Congdon*, 200 AD2d 836, 837 [1994]). Contrary to Family Court's determination, the mother was not required to establish a prima facie case of the child's need for support or the specific expenses she incurred on behalf of the child (*see Matter of Johnson v Robusto*, 254 AD2d 828, 829 [1998]).[4] Under the CSSA, " '[t]here is a presumption that the standard of support calculated pursuant to Family Court Act § 413 (1) (c) is reasonable and appropriate' " (*id.*, quoting *Matter of Steuben County Dept. of Social Servs. v James*, 171 AD2d 1023, 1023 [1991]; *see Matter of Flanigan v Knipple*, 266 AD2d 752, 753 [1999], *lv denied* 94 NY2d 759 [2000]). While proof as to the child's needs or specific expenses incurred by the mother

2. We note that this was the applicable formula at the time relevant to this proceeding. The CSSA was subsequently amended, effective January 31, 2010, to change the combined parental income ceiling from $80,000 to $130,000 (*see* Family Ct Act § 413 [1] [c] [3]; Social Services Law § 111-i [2] [b]).

3. The father chose not to cross-examine the mother.

4. Nor do we find any basis for the Support Magistrate's conclusion that the mother was obligated to put forth testimony as to the father's income and/or earning capacity in order to demonstrate a prima facie case of entitlement to child support.

on his behalf may be relevant in determining whether the father's pro rata share, after strict application of the CSSA guidelines, would be "unjust or inappropriate" (Family Ct Act § 413 [1] [f]), it is the father's burden to make such a showing and does not bear upon the mother's entitlement to child support (*see Matter of Johnson v Robusto,* 254 AD2d at 829; *Matter of Rochler v Rochler,* 215 AD2d 831, 832 [1995]; *cf. Matter of Hewitt v Hewitt,* 247 AD2d 751, 753 [1998]). For these reasons, Family Court erred in dismissing the petition.

Spain, Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Fulton County for further proceedings not inconsistent with this Court's decision before a different Support Magistrate.