In the Matter of PAUL MARCKLINGER, Appellant, v JOANNE LIEBERT, Respondent. [931 NYS2d 184]—

Malone Jr., J.

On the prior appeal in this child support case, we rejected petitioner's contention that the Support Magistrate improperly considered the parties' combined income exceeding $80,000 in the calculation of the basic child support obligation for their unemancipated child, but remitted the matter to Family Court for an articulation of a rationale for using the statutory percentage rather than the so-called "paragraph (f)" factors or a combination of both (*Matter of Marcklinger v Liebert*, 72 AD3d 1431 [2010]). Upon remittal, the Support Magistrate recalculated petitioner's support obligation, using a higher adjusted gross income for respondent as petitioner had previously requested and in accordance with Family Court's prior order, which reflected respondent's receipt of maintenance payments from petitioner. This resulted in petitioner's pro rata share being decreased to 57.65% and respondent's share being increased to 42.35%. The Support Magistrate then applied the statutory percentage set forth in the Child Support Standards Act (*see* Family Ct Act § 413 [hereinafter CSSA]) to the parties' total combined income—first to the portion up to $80,000[1] and then to the portion that exceeds that amount—and determined that petitioner's pro rata share amounted to $256 per week.

---

1. We note that, although effective January 31, 2010 Family Ct Act § 413 (1) (c) (2) was amended to change this figure to $130,000, because this proceeding was commenced prior to that time, the Support Magistrate correctly applied the former figure (*see Matter of Seelow v Seelow*, 81 AD3d 1188, 1189 n 2 [2011]).

Petitioner filed objections to the order, which were rejected by Family Court. Petitioner now appeals.[2]

Petitioner contends that the Support Magistrate erred by considering the parties' combined income over $80,000 in calculating the basic child support obligation. We disagree. The CSSA sets forth a three-part process for determining the amount of the basic child support obligation. First, the court determines the parties' total combined income (*see* Family Ct Act § 413 [1] [b]). Second, the court multiplies that amount, up to $80,000, by the "appropriate child support percentage" and prorates the amount "in the same proportion as each parent's income is to the combined parental income" (Family Ct Act § 413 [1] [c] [1], [former (2)]). Third, in cases such as this one, where the combined parental income exceeds $80,000, "the court shall determine the amount of child support for the amount of the combined parental income in excess of [$80,000] through consideration of the factors set forth in [Family Ct Act § 413 (1) (f)] and/or the child support percentage" (Family Ct Act § 413 [1] [c] [3]; *see Matter of Cassano v Cassano*, 85 NY2d 649, 653 [1995]).

To the extent that petitioner argues that the Support Magistrate erred by considering the parties' combined income over $80,000 in calculating the basic child support obligation, we disagree.[3] The plain language of the statute requires the court to consider the total amount of the combined parental income in every case. What is within the court's discretion is the manner in which it calculates the basic child support obligation on the portion that exceeds $80,000 (*see* Family Ct Act § 413 [1] [c] [3]; *see Matter of Cassano v Cassano*, 85 NY2d at 653). After completing the three-step calculation, the court "may adjust the amount calculated only if, after examining the 'paragraph (f)' factors, it finds that the noncustodial parent's share is unjust or inappropriate . . . [in which case] it must order the noncustodial parent to pay an amount it deems just and appropriate and is required to set forth in its decision the 'paragraph (f)' factors it considered" (*Holterman v Holterman*, 3 NY3d 1, 14 [2004] [internal quotation marks and citations omitted]; *see* Family Ct Act § 413 [1] [f]). In that regard, we are not persuaded by petitioner's contentions to the extent that he argues that the

2. Family Court also denied petitioner's objection to a separate order of the Support Magistrate that denied petitioner's request for an order requiring the Support Collection Unit to retain any funds it collected from him. However, petitioner specifically limited his notice of appeal and does not purport to appeal from that part of Family Court's order.

3. We note that this Court previously rejected that argument upon petitioner's prior appeal (72 AD3d at 1432).

Support Magistrate again failed to sufficiently articulate his reasons for not reducing petitioner's pro rata share of the basic child support obligation through application of the so-called paragraph (f) factors, including the actual needs of the child, to the parties' income in excess of $80,000.

In his amended order, the Support Magistrate reasoned that the application of the statutory percentage yielded an amount that was "neither unjust nor inappropriate" considering that (1) the child would have enjoyed an enhanced standard of living had the parties remained married, (2) the $80,000 cap had not been adjusted for inflation since 1989, (3) the income disparity between the parties, and (4) petitioner did not offer any reason for a contrary finding. This articulation of reasoning indicates that the Support Magistrate "carefully considered the parties' circumstances and . . . found no reason [to] depart[ ] from the prescribed percentage" (*Matter of Cassano v Cassano*, 85 NY2d at 655). Moreover, although petitioner faults respondent for not submitting evidence of the child's needs, application of the CSSA "creates a rebuttable presumption that the guidelines contained therein will yield the correct amount of child support" and, if petitioner believed that his presumptive pro rata share was unjust or inappropriate, it was his burden to establish such (*Matter of Smith v Evans*, 75 AD3d 603, 603 [2010]; *see* Family Ct Act § 413 [1] [f]; *Matter of Seelow v Seelow*, 81 AD3d 1188, 1189-1190 [2011]).

Finally, to the extent not specifically addressed herein, we have considered petitioner's remaining contentions and find them to be either unpreserved or without merit.

Mercure, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.