# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1138**
**CA 11-01346**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

LYNN M. DELBELLO, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

THOMAS M. DELBELLO, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THOMAS M. DELBELLO, DEFENDANT-APPELLANT PRO SE.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (LAURA J. EMERSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), dated January 21, 2010 in a divorce action. The order directed defendant to pay plaintiff's counsel fees of $3,982.73.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise from a matrimonial action. In appeal No. 1, defendant contends that Supreme Court erred in awarding counsel fees to plaintiff without conducting a hearing. "That contention is not preserved for our review inasmuch as defendant failed to request a hearing with respect to the ability of plaintiff to pay her own counsel fees or the extent and value of the legal services rendered to her" (*Sharlow v Sharlow*, 77 AD3d 1430, 1432).

In appeal No. 2, defendant contends that the court erred by increasing the weekly award of maintenance from $75, the amount recommended by the Referee, to $200. We reject defendant's contention that the court erred in imputing income to him, inasmuch as the court in fact declined to impute income to him, and the record fails to support defendant's further contention that the court erred in failing to consider his living expenses when it increased the amount of maintenance recommended by the Referee. We agree with defendant, however, that the court failed to "set forth the factors it considered and the reasons for its decision" to increase the amount of maintenance (Domestic Relations Law § 236 [B] [6] [b]). In view of the court's rejection of the Referee's recommendation with respect to the amount of maintenance, the court's statement that it was making the increased award of maintenance "[f]or the same reasons outlined by the [R]eferee" is not sufficient to satisfy the statutory requirement (*cf. Boardman v Boardman*, 300 AD2d 1110, 1110; *McCanna v McCanna*, 274 AD2d 949, 949). We therefore modify the judgment in appeal No. 2

accordingly, and we remit the matter to Supreme Court for a new determination of the amount of maintenance, following a hearing if necessary.

With respect to appeal No. 3, we conclude that the court erred in disbursing the funds remaining in the escrow account of plaintiff's attorney to plaintiff and plaintiff's attorney. The judgment in appeal No. 2 provided that the funds remaining in that account were to be divided equally between the parties. Further, in view of defendant's objections, the court erred in adopting the disbursement proposed by plaintiff's attorney without conducting a hearing (*see generally Pordum v Pordum* [appeal No. 2], 248 AD2d 953, 954). We therefore modify the order in appeal No. 3 accordingly, and we remit the matter to Supreme Court for a hearing concerning the parties' respective shares of the funds in the escrow account.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court