Korpolinski v Korpolinski (2021 NY Slip Op 03706)





Korpolinski v Korpolinski


2021 NY Slip Op 03706


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


378 CA 20-00487

[*1]SUZANNE L. KORPOLINSKI, PLAINTIFF-APPELLANT,
v
RICHARD KORPOLINSKI, DEFENDANT-RESPONDENT. 






MICHAEL J. DOWD, LEWISTON, FOR PLAINTIFF-APPELLANT.


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered February 19, 2020. The order, insofar as appealed from, denied the motion of plaintiff seeking attorney's fees and the motion of plaintiff seeking, inter alia, entry of a judgment with interest pursuant to Domestic Relations Law § 244. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, as limited by her brief, appeals from an order insofar as it denied her separate motions for attorney's fees and, inter alia, entry of a judgment with interest related to the distribution of defendant's pension pursuant to a settlement agreement that was incorporated but not merged in the parties' judgment of divorce (see Domestic Relations Law §§ 237 [c]; 244). We affirm.
Contrary to plaintiff's contention, she failed to establish that defendant's "failure to [pay the distributive award] was willful, and thus '[plaintiff] is not automatically entitled to counsel fees under Domestic Relations Law § 237 (c)' " (Boardman v Boardman, 300 AD2d 1110, 1111 [4th Dept 2002]). Defendant's failure to pay the distributive award was not his fault, but was the result of the failure of plaintiff's divorce attorney to file a Qualified Domestic Relations Order at the time of the divorce. Further, Supreme Court credited defendant's testimony that he was not in possession of a final copy of the settlement agreement, which contained the terms of the distributive award, and the court's credibility findings are entitled to deference (see Leo v Leo, 125 AD3d 1319, 1319 [4th Dept 2015]). For the same reasons, we conclude that the court properly denied plaintiff's motion for interest based on an implicit finding that defendant's conduct was not willful (cf. Mowers v Mowers, 229 AD2d 941, 941-942 [4th Dept 1996]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court