Roberson-Fisch v Fisch (2025 NY Slip Op 01724)

Roberson-Fisch v Fisch

2025 NY Slip Op 01724

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 365061/22|Appeal No. 3629|Case No. 2024-04773|

[*1]Laura Roberson-Fisch, Plaintiff-Respondent,
v
Michael Fisch, Defendant-Appellant.

Cohen Clair Lans Griefer & Simpson LLP, New York (Robert Stephen Cohen of counsel), for appellant.
Mosberg Sharma Stambleck Gross LLP, New York (Jonathan W. Wolfe of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered July 17, 2024, which, to the extent appealed from as limited by the briefs, determined that defendant husband violated the automatic orders by purchasing real property in the amount of $29.6 million, directed the husband to pay $29.6 million (award) in an advance on equitable distribution to plaintiff wife, and modified the automatic orders to provide that the parties could not engage in real estate transactions without court approval or agreement of the parties, unanimously modified, on the law and in the exercise of discretion, to vacate the award and direct the wife to deliver the award to her counsel, to be held in escrow during the pendency of the action, subject to reallocation after trial, and otherwise affirmed, without costs.
The husband violated the automatic orders imposed on the parties at the commencement of a matrimonial action (Domestic Relations Law § 236 [B] [2] [b]). The husband purchased and sold real property in East Hampton without seeking approval from or even disclosing the purchases to the wife or the court, failed to substantiate that purchases were made entirely with post-commencement income, or were made in the usual course of business. As the husband had numerous opportunities to request a hearing on these issues and did not, he failed to preserve the issue for appellate review (see generally Delbello v Delbello, 100 AD3d 1436, 1436 [4th Dept 2012]; Adinolfi v Adinolfi, 168 AD2d 401, 402 [2d Dept 1990]).
While distribution of marital assets typically occurs as part of the final judgment of divorce (Domestic Relations Law § 236 [B] [5]), courts have recognized exceptions in certain circumstances (see Mallary v Mallary, 8 AD3d 20, 21 [1st Dept 2004] [granting withdrawals from the parties' investment account as advances against equitable distribution to pay both parties' counsel fees]; Feldman v Feldman, 280 AD2d 276, 277 [1st Dept 2001] [granting "immediate distribution of 50% of the proceeds of the sale from the parties' Westhampton home to meet defendant's necessary housing needs"]).
In Havell v Islam (273 AD2d 164 [1st Dept 2000]), this Court recognized that pretrial distribution of the proceeds of the sale of the marital residence was appropriate where it provided for the parties' reasonable needs. In a subsequent decision, this Court affirmed an advance against the husband's share of equitable distribution to allow him to pay necessary expenses incurred during the action's pendency, specifically, his legal fees in a criminal proceeding (Havell v Islam, 288 AD2d 160 [1st Dept 2001]).
Here, Supreme Court abused its discretion by directing the husband to pay $29.6 million, which was the amount he used to purchase real property in violation of the automatic orders, directly to the wife as an advance on equitable distribution. This is not a situation where the wife needed the award for necessary expenses, counsel fees or other reasonable needs.
While the husband's blatant violation of the automatic orders, which he concealed from the wife and the court, indicates his disregard for both and warrants redress, under these circumstances, the appropriate pendente lite relief is to direct that the award be held in escrow. As we find nothing conclusive in the record demonstrating financial coercion, we must highlight that we have not relied upon that factor as a basis for our decision.
Furthermore, given the husband's violation of the automatic orders, we conclude that the court's modification thereof is appropriate (see Allen v Allen, 232 AD3d 455, 456 [1st Dept 2024] [granting injunctive relief proscribing certain conduct to preserve the financial status quo]; see also Sykes v Sykes, 35 Misc 3d 591 [Sup Ct, NY County 2012]). The husband retains the ability to seek leave of court should he wish to purchase any additional real estate.
Accordingly, the award is vacated. The wife is directed to deliver the $29.6 million award to her counsel, to be held in escrow during the pendency of the action, subject to reallocation after trial.
We have considered the husband's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025