■ ALFRED S. PETTY, Doing Business as HERITAGE BUSINESS BROKERS, Respondent, v LEN CARVELL, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Murphy, J. (Appeal from judgment of Supreme Court, Onondaga County, Murphy, J.— breach of contract.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.

■ LYNN McDONALD, Appellant, v DANIEL E. McDONALD, Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: On appeal from those portions of a judgment of divorce establishing maintenance and child support, plaintiff contends that the court's awards are inadequate and that no durational limit should have been set on the maintenance award. The court's decision, based upon the Support Collection Unit investigation and report, meets the statutory mandate that the factors considered and the reasons for the decision be set forth (Domestic Relations Law § 236 [B] [6] [b]). We modify the judgment only by deleting the fifth decretal paragraph and substituting therefor a provision that the $150 maintenance award to plaintiff shall continue until such time as the youngest child of the marriage reaches her majority.

This is a marriage of relatively long duration and the parties, by their conduct, implicitly agreed that the wife would pursue the role of full-time homemaker-parent during the marriage. She is now 40 years old and has a high school diploma, but she has little outside work experience. She has indicated a willingness to return to school to enhance her employment opportunities, but she continues to care for the children of the marriage, one of whom is 11 years of age. Consequently, it was error for the court to limit the award of maintenance to three years. While the wife is relatively young and healthy, and foreseeably should be able to enter the work force and become self-supporting (see, Culnan v Culnan, 142 AD2d 805, 807, lv dismissed 73 NY2d 994; Gundlah v Gundlah, 116 AD2d 1026, lv denied 68 NY2d 603; cf., Malamut v Malamut, 133 AD2d 101), she requires maintenance as long as she is caring for the children (see, Lesman v Lesman, 88 AD2d 153). Finally, we note that this result does not preclude future modification of the award in the event of changed circumstances (see, Lesman v Lesman, supra). (Appeal from judgment of Supreme Court, Chautauqua County, Cass, J.—divorce.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.