■ In the Matter of LUCY C. BAUMGARTNER, Appellant, v NORMAN N. BAUMGARTNER, Respondent. (Appeal No. 1.) [642 NYS2d 851] —Appeal unanimously dismissed without costs (see, *Dompkowski v Dompkowski*, 154 AD2d 950). (Appeal from Order of Genesee County Family Court, Baird, H.E.—Support.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.

■ In the Matter of LUCY C. BAUMGARTNER, Appellant, v NORMAN N. BAUMGARTNER, Respondent. (Appeal No. 2.) [641 NYS2d 784] —Order unanimously reversed on the law without costs, objections sustained, order of Hearing Examiner vacated and petition granted in accordance with the following Memorandum: Family Court erred in confirming the Hearing Examiner's finding that an upward modification of spousal support is not warranted (see, *Matter of Pulver v Pulver*, 188 AD2d 1044, 1045, *lv dismissed* 82 NY2d 706; *Mooney v Mooney*, 84 AD2d 745). The record establishes that respondent's yearly income has increased from $33,379 in 1988, when the previous support order was granted, to $55,384.18 in 1993. It also shows that petitioner's expenses have increased since 1988 and that the previous award of spousal support is insufficient to meet her needs. We therefore grant the petition and increase the amount of spousal support from $150 per week to $250 per week, retroactive to the date of filing of the petition. (Appeal from Order of Genesee County Family Court, Graney, J.— Spousal Support.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.

■ GARY B. TRENTO, Appellant, v SANDRA TRENTO, Respondent. [642 NYS2d 141] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Pursuant to the separation agreement, incorporated but not merged into the parties' judgment of divorce, defendant was entitled to exclusive possession of the marital residence until her death or until both parties agreed to sell it. Because plaintiff was not in actual or constructive possession of the former marital residence, Supreme Court properly dismissed plaintiff's cause of action for partition (see, RPAPL 901 [1]; *Givens v Givens*, 138 AD2d 348, 348-349; *McNally v McNally*, 129 AD2d 686, 687). The court properly dismissed without a hearing plaintiff's cause of action for a reduction in maintenance based on extreme financial hardship (see, Domestic Relations Law § 236 [B] [9] [b]). Plaintiff's vague and unsupported allegations are insufficient to demonstrate that the support provision previously agreed to by the parties