■ RINA KERZNER, Appellant, v STUART J. KERZNER, Respondent. RINA KERZNER, Respondent, v STUART J. KERZNER, Appellant. [694 NYS2d 49] —Judgment, Supreme Court, New York County (David Saxe, J.), entered April 23, 1997, which, *inter alia*, distributed the parties' marital property, unanimously affirmed, without costs. Order, same court (Eileen Bransten, J.), entered on or about February 2, 1998, which, insofar as appealed from, granted defendant husband's motion to resolve in his favor the issue of the amount of rental income that plaintiff wife received from certain property, unanimously affirmed, without costs.

The subject business was owned solely by the husband, and its value was thus plainly affected by his active participation therein. As such, the business was properly valued as of the commencement of the action (*see, Heine v Heine*, 176 AD2d 77, 87, *lv denied* 80 NY2d 753). The trial court was entitled to reject the husband's self-serving explanation for the decline in value of the business over the course of the litigation, as part of the court's credibility assessment of the testimony. Furthermore, the record supports the trial court's finding that the husband was attempting to minimize his worth by causing a

post-commencement falloff of his business (*see, Siegel v Siegel*, 132 AD2d 247, 250-251, *lv denied* 74 NY2d 602; *Cushman & Wakefield v 214 E. 49th St. Corp.*, 218 AD2d 464, 467-468, *lv denied* 88 NY2d 816). The equal division of the appreciated value of the business and its pension plan is supported by evidence of the wife's many valuable contributions to the business, direct as well as indirect (*see, Hartog v Hartog*, 85 NY2d 36, 46-47; *Milewski v Milewski*, 197 AD2d 562). The awards of basic and additional spousal maintenance are warranted in view of the parties' lavish pre-divorce standard of living (*see, Hartog v Hartog, supra*, at 51-52) and the wife's continuing child-custody responsibilities and limited employment experience (*see, Ingram v Ingram*, 208 AD2d 593; *McDonald v Mc-Donald*, 155 AD2d 929). The husband's claim of a spiraling decline in his financial condition can be considered on his motion for a downward modification of maintenance and child support.

The order of February 2, 1998 was a proper sanction for the wife's repeated and willful refusal to obey the court's disclosure orders. We have considered the parties' remaining contentions and find them to be unavailing. Concur—Mazzarelli, J. P., Wallach, Rubin and Andrias, JJ. [*See*, 170 Misc 2d 1010.]