■ EARL D. ZIELINSKI, Appellant, v DOROTHY E. ZIELINSKI, Respondent. [735 NYS2d 302] —Judgment unanimously affirmed with costs. Memorandum: On appeal from a judgment of divorce, plaintiff contends that Supreme Court erred in awarding defendant $35,685.50 as her marital share of the appreciation of plaintiff's interests in three closely-held businesses. We disagree. Contrary to plaintiff's contention, the court took into account the fact that plaintiff was only a part owner of the businesses, and did not award defendant a share of the total appreciation of the businesses, including the ownership interests of plaintiff's business partners. The court properly concluded that one half of the appreciation of plaintiff's interests in the businesses during the marriage was attributable to plaintiff's efforts, not to unrelated factors such as inflation or other market forces, and thus constituted marital property (*see, Hartog v Hartog,* 85 NY2d 36, 45-49; *Price v Price,* 69 NY2d 8, 17-18). The court then properly awarded plaintiff one half of that portion of the "marital" appreciation (*see, Klein-*

*schmidt v Regan,* 284 AD2d 284; *Atwal v Atwal* [appeal No. 2], 270 AD2d 799, *lv denied* 95 NY2d 761; *Kerzner v Kerzner,* 264 AD2d 338, 339; *Wittig v Wittig,* 258 AD2d 883). The court properly determined that defendant made substantial economic and noneconomic contributions to the marriage, working outside the home and fully assuming the duties of wife, homemaker and stepmother to plaintiff's children (*see, Hartog v Hartog, supra,* at 46; *Price v Price, supra,* at 17) and, further, that defendant made some direct contributions to the businesses themselves (*see, Wittig v Wittig, supra; Flynn v Flynn,* 244 AD2d 993).

Contrary to plaintiff's further contention, the court did not err in awarding defendant maintenance of $275 per week for three years. The court properly found plaintiff's reported 1998 taxable income of approximately $121,000 to be representative of plaintiff's earning capacity, and properly found that defendant had the capacity to earn $17,000 per year. Given the disparity in the parties' incomes (*see, Roehmholdt v Russell,* 272 AD2d 938, 940) and defendant's "reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors" set forth in Domestic Relations Law § 236 (B) (6) (a) (*Hartog v Hartog, supra,* at 52; *see, Wood v Wood,* 256 AD2d 1242), we conclude that the court's maintenance award did not constitute an abuse of discretion.

Finally, we conclude that the court did not abuse its discretion in awarding defendant $3,500 toward her aggregate counsel fees of approximately $7,100, of which about $4,100 was outstanding at the time of trial. That award was justified by the disparity in the parties' respective available assets, earning capacities and actual incomes (*see, Wipperman v Wipperman,* 277 AD2d 1040, 1041; *Mann v Mann,* 244 AD2d 928, 929-930; *Feldman v Feldman,* 194 AD2d 207, 219). (Appeal from Judgment of Supreme Court, Monroe County, Lunn, J.—Matrimonial.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.