■ RAVEELA JAIN, Respondent, v VINOD GARG, Appellant. [755 NYS2d 921] —Appeal from a judgment of Supreme Court, Erie County (Marshall, J.), entered November 30, 2001, which, inter alia, equitably distributed the marital property.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: We reject the contention of defendant that Supreme Court improperly distributed as marital property funds he allegedly acquired following the commencement of the divorce action. Defendant did not adequately trace the source of those funds and therefore failed to rebut the presumption that those funds were marital property (*see Corasanti v Corasanti*, 296 AD2d 831, 832 [2002]; *Haas v Haas*, 265 AD2d 887, 888 [1999]). Contrary to defendant's further contention, the court did not err in failing to consider the tax consequences of the distributive award. Defendant failed to present evidence to enable the court to calculate the dollar amount of the tax consequences (*see Wadsworth v Wadsworth*, 219 AD2d 410, 415 [1996]; *Povosky v Povosky*, 124 AD2d 1068, 1069 [1986]). The court did not abuse its discretion in its apportionment of fees

for the services of the experts (*see Tassone v Tassone*, 209 AD2d 859, 860 [1994]) and the Law Guardian (*see Pascarelli v Pascarelli*, 283 AD2d 472 [2001], *lv dismissed* 96 NY2d 937 [2001], *rearg denied* 97 NY2d 654 [2001]), nor did the court abuse its discretion in directing defendant to pay a portion of plaintiff's counsel fees (*see Zielinski v Zielinski*, 289 AD2d 1017, 1018 [2001]). Contrary to defendant's further contention, the court's distribution of the parties' assets is fair and equitable (*see Lester v Lester*, 237 AD2d 872, 874 [1997]). Finally, the court did not abuse its discretion in directing defendant to pay 100% of the day care expenses for the children (*see* Domestic Relations Law § 240 [1-b] [c] [6]; *Greenfield v Greenfield*, 234 AD2d 60, 61 [1996]). Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.