■ KATHLEEN PASCAZI, Plaintiff, v MICHAEL PASCAZI, Appellant. PAUL L. MOLLICA, Nonparty Respondent. (And Another Title.) [885 NYS2d 735]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated November 5, 2007, which approved compensation for Paul L. Mollica, the attorney for the parties' unemancipated child, in the sum of $4,366.25, and directed him to pay one half of that

fee, (2) an order of the same court dated April 18, 2008, as granted, without a hearing, that branch of the motion of the attorney for the child which was for the issuance of a money judgment against him for unpaid counsel fees in the sum of $472.50, and (3) an order of the same court dated May 23, 2008, as granted the application of the attorney for the child to approve his final compensation in the total sum of $5,381.24 and directed him to pay the attorney for the child the sum of $805 (50% of 5,381.24 less credit for 1,885.62 already paid).

Ordered that on the Court's own motion, the attorney for the child's notice of appeal from the order dated May 23, 2008, is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the nonparty respondent.

In 2006 the Supreme Court appointed an attorney for the child in this matrimonial action by private-pay appointment order in accordance with 22 NYCRR part 36. Pursuant to this order, the court required the parties to pay a retainer for the attorney for the child and directed that compensation for his services, at the rate of $175 per hour, be shared equally between them. On appeal, the husband challenges, inter alia, the order dated May 23, 2008, requiring him to pay his one-half share of the total fees for the attorney for the child, contending, inter alia, that the compensation for the attorney for the child was limited to the statutory rate of Judiciary Law § 35 (3).

Since courts are authorized to direct that "a parent who has sufficient financial means to do so pay some or all of the [attorney for the child]'s fees" (*Matter of Plovnick v Klinger*, 10 AD3d 84, 89 [2004]; *see* 22 NYCRR 36.4; Judiciary Law § 35 [3]; *Rupp-Elmasri v Elmasri*, 8 AD3d 464 [2004]; *Jain v Garg*, 303 AD2d 985, 986 [2003]; *Pascarelli v Pascarelli*, 283 AD2d 472 [2001]), the Supreme Court properly approved the final compensation request of the attorney for the child, requiring the husband to pay one half of the total counsel fees at the rate set forth in the private-pay appointment order (*see Matter of Plovnick v Klinger*, 10 AD3d at 91; *Pedreira v Pedreira*, 34 AD3d 225 [2006]).

The husband's remaining contentions are without merit. Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.