DEBORAH PATRICIA MUNDRICK, Respondent, v RICHARD THOMAS MUNDRICK, Appellant. [899 NYS2d 522]—

Appeal from an order of the Supreme Court, Monroe County (Philip B. Dattilo, Jr., R.), entered May 21, 2008. The order, among other things, granted plaintiff's motion seeking modification of an order of spousal support and an award of counsel fees.

It is hereby ordered that the order so appealed from is unanimously modified on the law by providing in the first ordering paragraph that maintenance shall terminate upon the death of either party or upon plaintiff's valid or invalid remarriage and by denying plaintiff's motion in part and vacating the second ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order that granted plaintiff's motion, pursuant to which plaintiff sought an increase in defendant's weekly maintenance obligation, the provision of health insurance from defendant, and an award of counsel fees. Contrary to defendant's contention, we conclude that plaintiff established a substantial change in circumstance warranting an increase in weekly maintenance (*see* Domestic Relations Law § 236 [B] [9] [b]). It is well settled that " 'the amount and duration of maintenance are matters committed to the sound discretion of the trial court' " (*Frost v Frost*, 49 AD3d 1150, 1150-1151 [2008]). Here, plaintiff demonstrated that her expenses have increased based on the termination of defendant's employer-sponsored health insurance, forcing her to obtain

Medicare at an increased cost, and that the existing maintenance award was insufficient to meet her needs with respect to health care (*see generally Matter of Baumgartner v Baumgartner* [appeal No. 2], 226 AD2d 1104 [1996]). Because the increase in maintenance will offset plaintiff's health care costs, we agree with defendant, however, that Supreme Court erred in granting that part of plaintiff's motion seeking to direct defendant to provide health insurance for plaintiff. We therefore modify the order accordingly. Additionally, there was no testimony at the hearing on plaintiff's motion concerning the cost of obtaining a health insurance policy for plaintiff, and the court therefore could not "consider an award of payment by [defendant] of this expense" (*S.A. v K.F.*, 22 Misc 3d 1115[A], 2009 NY Slip Op 50141[U], *19-20 [2009]). We note that, although defendant was laid off from Eastman Kodak Company, Inc. in October 2006, the company that had provided his employer-sponsored health insurance, he is currently employed and is capable of maintaining and securing employment, while plaintiff is disabled and has demonstrated an inability to work. It is reasonable to conclude that defendant's financial situation will continue to be more favorable than that of plaintiff (*see Watrous v Watrous*, 292 AD2d 691, 693 [2002]), and we thus conclude that the increase in defendant's maintenance obligation was not an abuse of discretion (*see Matter of Fuller v Fuller*, 11 AD3d 775 [2004]).

In addition, we agree with defendant that the court erred in failing to include a provision that the award of maintenance "shall terminate upon the death of either party or upon [plaintiff's] valid or invalid remarriage" (Domestic Relations Law § 236 [B] [6] [c]; *see Filiaci v Filiaci*, 68 AD3d 1810, 1811-1812 [2009]; *McLoughlin v McLoughlin*, 63 AD3d 1017, 1018 [2009]). We therefore further modify the order accordingly.

Contrary to defendant's further contentions, the court's award of counsel fees was a proper exercise of discretion (*see* Domestic Relations Law § 237 [b]; *McBride-Head v Head*, 23 AD3d 1010 [2005]; *Zielinski v Zielinski*, 289 AD2d 1017, 1018 [2001]), and the hearing was properly conducted before a Referee inasmuch as the parties signed an order of reference permitting the Referee to hear and decide all issues involved in these proceedings (*see Matter of Johnson v Streich-McConnell*, 66 AD3d 1526 [2009]). Although the order of reference is attached as an appendix to plaintiff's brief on appeal, it "was before [Supreme] Court, [and thus] it is properly a part of the record on appeal" (*Matter of Westfall v Westfall*, 28 AD3d 1229, 1230 [2006], *lv denied* 7 NY3d 706 [2006]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.