■ Gloria A. Richter, Respondent, v Ralph C. Richter, Appellant. [908 NYS2d 518]—

Appeal from a judgment of the Supreme Court, Onondaga County (Martha Walsh Hood, A.J.), entered February 9, 2009 in a divorce action. The judgment, inter alia, equitably distributed the marital property of the parties.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by deleting the 11th decretal paragraph insofar as it requires defendant to provide a life insurance policy or annuity sufficient to protect plaintiff's share of the pension received by defendant until plaintiff's 84th birthday and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for a hearing in accordance with the following memorandum: Defendant appeals from a judgment of divorce that, inter alia, directed him to pay child support and a portion of plaintiff's counsel fees, as well as distributed marital property. Contrary to defendant's contention, Supreme Court properly concluded that the property located in Vermont was marital property. The funds from defendant's inheritances, which were used to purchase and improve the property, were commingled with marital funds in a joint account (*see* Banking Law § 675 [b]; *Di Nardo v Di Nardo*, 144 AD2d 906 [1988]), and defendant failed to establish by clear and convincing evidence "that [the] joint account was established *solely* for the purpose of convenience" (*Kay v Kay*, 302 AD2d 711, 713 [2003] [emphasis added]; *see Crescimanno v Crescimanno*, 33 AD3d 649 [2006]). Contrary to defendant's further contention, the court did not abuse its discretion in awarding plaintiff counsel fees (*see* Domestic Relations Law § 237 [b]; *McBride-Head v Head*, 23 AD3d 1010 [2005]; *Zielinski v Zielinski*, 289 AD2d 1017 [2001]).

Although defendant contends that it is an economic burden to require him to purchase a life insurance policy or annuity to ensure that plaintiff receives her share of his pension, the record does not establish the amount of insurance necessary or the cost of purchasing and maintaining such insurance. We therefore modify the judgment accordingly, and we remit the matter to Supreme Court for a hearing to determine the amount of life insurance required and the equitable apportionment of the costs (*see* Domestic Relations Law § 236 [B] [8] [a]; *Hendricks v Hendricks*, 13 AD3d 928, 930 [2004]; *see also Haydock v Haydock*, 254 AD2d 577, 579-580 [1998]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.