■ THOMAS J. MITCHELL, Respondent, v KATHLEEN A. MITCHELL, Appellant. [922 NYS2d 121]—

In a matrimonial action in which the parties were divorced by judgment dated June 29, 1994, the defendant appeals from an order of the Supreme Court, Westchester County (Scarpino, Jr., J.), entered September 30, 2009, which granted the plaintiff's motion to confirm a referee's report dated May 22, 2009, made after a hearing, denied her cross motion to disaffirm the report, and denied her separate motion for an upward modification of the plaintiff's maintenance obligation.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report is denied, the defendant's cross motion to disaffirm the report is granted, that branch of the defendant's motion which was for an upward

modification of the plaintiff's maintenance obligation from April 30, 2007, until September 1, 2009, is granted, that branch of the defendant's motion which was for an upward modification of the plaintiff's maintenance obligation subsequent to September 1, 2009, is denied, without prejudice to renewal upon proper papers, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

In an order entered July 3, 2007, the Supreme Court denied, without a hearing, the defendant's motion for an upward modification of the plaintiff's lifetime maintenance obligation. In 1998 the parties had consented to a modification of the plaintiff's maintenance obligation and, at that time, the plaintiff was directed to pay maintenance to the defendant in the sums of $1,700 per month for the period commencing in May 2005 and ending in August 2009, and $1,500 per month commencing in September 2009. The amounts which the plaintiff obligated himself to pay were based, in part, on the parties' recognition that the defendant would turn 65 years of age in September 2009, and begin receiving monthly Social Security retirement benefits. By decision and order of this Court dated November 25, 2008, the order dated July 3, 2007, was reversed, and the matter was remitted to the Supreme Court, Westchester County, for a hearing on the defendant's motion (see Mitchell v Mitchell, 56 AD3d 740 [2008]). Thereafter, following the hearing, a referee issued a report recommending that the defendant's motion for an upward modification of the plaintiff's maintenance obligation be denied, based upon a finding that the defendant did not demonstrate an inability to support herself. During September 2009, the defendant admittedly began receiving monthly Social Security retirement benefits. Thereafter, in the order appealed from, the Supreme Court granted the plaintiff's motion to confirm the referee's report, denied the defendant's cross motion to disaffirm the report, and denied the defendant's underlying motion for an upward modification of the plaintiff's maintenance obligations. The defendant appeals.

The Supreme Court erred in confirming the referee's determination that an upward modification of the plaintiff's monthly $1,700 maintenance obligation, applicable between May 2005 and August 2009, was not warranted, as the defendant sufficiently demonstrated her inability to be self-supporting (see Domestic Relations Law § 236 [B] [9] [b]; Matter of Baumgartner v Baumgartner, 226 AD2d 1104 [1996]). Thus, we remit this matter to the Supreme Court, Westchester County, for a determination regarding the proper amount of increase in the plaintiff's maintenance obligation from April 30, 2007, the date

on which the defendant made the instant motion for an upward modification, until September 1, 2009. Since the defendant admittedly began receiving monthly Social Security benefits in September 2009, she may seek an upward modification of the plaintiff's present $1,500 monthly maintenance obligation, applicable as of September 1, 2009, only upon a new, properly supported motion. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.