# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1325**

**CA 13-00358**

PRESENT: SMITH, J.P., FAHEY, VALENTINO, AND WHALEN, JJ.

---

PAUL FOTI, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

GINA FOTI, DEFENDANT-RESPONDENT.

---

JOAN de R. O'BYRNE, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR PLAINTIFF-APPELLANT.

KAMAN, BERLOVE, MARAFIOTI, JACOBSTEIN & GOLDMAN LLP, ROCHESTER (MICHAEL PAUL OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered April 4, 2012 in a divorce action. The order granted the motion of defendant for partial summary judgment determining that various real estate entities and management companies were her separate property.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and defendant's motion is denied.

Memorandum: In this divorce action, defendant moved for partial summary judgment determining that various real estate entities and management companies (hereafter, entities) were her separate property. We agree with plaintiff that Supreme Court erred in granting the motion. Although defendant established that her father gifted the entities to her as separate property (*see generally Allen v Allen*, 263 AD2d 691, 692), there is an issue of fact whether defendant thereafter commingled her interests in the entities with marital property (*see generally Richter v Richter*, 77 AD3d 1470, 1471; *Haas v Haas*, 265 AD2d 887, 888). Here, the parties filed a joint federal tax return in which defendant reported her interest in the entities as tax losses, and "[a] party to litigation may not take a position contrary to a position taken in an income tax return" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422).

Entered: February 7, 2014                    Frances E. Cafarell
                                             Clerk of the Court