Appeal from an order of the Supreme Court, Erie County (John F. O’Donnell, J), entered June 18, 2012. The order, among other things, denied the motion of Kevin M. Reedy, Esq. for an award of attorney’s fees from defendant.
It is hereby ordered that the order so appealed from is modified on the law by granting the motion in part, appointing Kevin M. Reedy, Esq. nunc pro tunc as the Attorney for the Children pursuant to 22 NYCRR part 36, directing defendant to pay attorney’s fees to appellant and remitting the matter to Supreme Court, Erie County, to determine the amount of those fees, and as modified the order is affirmed without costs in accordance with the following memorandum: Under the circumstances of this case, we conclude that there was good cause to appoint Kevin M. Reedy, Esq. (Reedy) as the Attorney for the Children pursuant to 22 NYCRR part 36, which governs the appointments of attorneys for children “who are not paid from public funds” (22 NYCRR 36.1 [a] [3]), and that Supreme Court erred in failing to do so. The court described this case as “one of the most contentious and protracted proceedings [it] has ever *1419 presided over,” and we note that it included what the attorney for appellant notes was two years of litigation, 32 court appearances, a lengthy trial, and two significant motions before this Court. Given the unusual and complex nature of this litigation, we conclude that it was essential that Reedy continue his work on behalf of the children and thus that Reedy should have been appointed as the attorney for the children pursuant to 22 NYCRR part 36 nunc pro tunc. In addition, we conclude that the court should have ordered defendant, the monied spouse, to pay Reedy’s fees (see Matter of Plovnick v Klinger, 10 AD3d 84, 89-90 [2004]; cf. Redder v Redder, 17 AD3d 10, 14-15 [2005]; see also Jain v Garg, 303 AD2d 985, 985-986 [2003]). We therefore modify the order accordingly, and we remit the matter to Supreme Court to determine the amount of Reedy’s fees following a hearing, if necessary.
All concur except Smith, J.R, and Lindley, J., who dissent and vote to affirm in the following memorandum.