Matter of Young v Young (2018 NY Slip Op 03850)





Matter of Young v Young


2018 NY Slip Op 03850


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-03589
 (Docket No. V-8220-12)

[*1]In the Matter of Ellen A. Young, respondent, 
v
Bryce J. Young, appellant.


Bryce J. Young, Edgewater, New Jersey, appellant pro se.
Stephen P. Gold, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from a money judgment of the Family Court, Westchester County (Mary Ann Scattaretico-Naber, J.), dated January 8, 2018. The money judgment, upon an order of the same court dated March 2, 2017, made after a hearing, directing the father to pay half of the total amount of counsel fees awarded to the attorney for the child, is in favor of the attorney for the child and against the father in the total sum of $10,556.88.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be a premature notice of appeal from the money judgment (see CPLR 5520[c]); and it is further,
ORDERED that the money judgment is affirmed, without costs or disbursements.
The father in this custody proceeding argues that the Family Court erred in directing him to pay half of the total amount of counsel fees awarded to the attorney for the child.
Courts are authorized to direct that " a parent who has sufficient financial means to do so pay some or all of the [attorney for the child's] fees'" (Pascazi v Pascazi, 65 AD3d 1202, 1203, quoting Matter of Plovnick v Klinger, 10 AD3d 84, 89; see 22 NYCRR 36.4; Judiciary Law § 35[3]; Rupp-Elmasri v Elmasri, 8 AD3d 464; Jain v Garg, 303 AD2d 985, 986; Pascarelli v Pascarelli, 283 AD2d 472). Further, the mere fact that the attorney for the child adopted positions that were not favorable to the father does not demonstrate that the attorney for the child was biased against the father (see Matter of Luizzi v Collins, 60 AD3d 1062, 1063). In custody proceedings, the role of the attorney for the child is to "zealously advocate the child's position," not the positions of the parents (22 NYCRR 7.2[d]). Under the circumstances of this case, we agree with the Family Court's determination to direct the father to pay half of the total amount of counsel fees awarded to the attorney for the child (see Pascazi v Pascazi, 65 AD3d at 1203; Pedreira v Pedreira, 34 AD3d 225; Matter of Plovnick v Klinger, 10 AD3d at 91).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court