Deem v Divella-Deem (2021 NY Slip Op 00414)





Deem v Divella-Deem


2021 NY Slip Op 00414


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-10687
 (Index No. 68616/17)

[*1]Michael A. Deem, appellant,
v
Lorna M. Divella-Deem, respondent.


Michael A. Deem, Yonkers, NY, appellant pro se.
Arlene Gold Wexler, Mamaroneck, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated March 22, 2019. The order, inter alia, appointed an attorney for the children and directed the parties to pay pro rata shares of the attorney for the children's fees and disbursements, subject to reallocation at trial.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The parties were married in 2001. There are two children of the marriage, born in 2005 and 2006, respectively. In November 2017, the plaintiff commenced this action for a divorce and ancillary relief. The defendant counterclaimed for divorce and sought sole custody of the children. Prior to trial, in an order dated March 22, 2019, the Supreme Court appointed an attorney for the children (hereinafter AFC) and directed the parties to pay pro rata shares of the AFC's fees and disbursements, subject to reallocation at trial. The plaintiff appeals.
The plaintiff's challenges to the appointment of an AFC, and to the direction that he pay a pro rata share of the AFC's fees and disbursements, are unpreserved for appellate review (see Ambrose v Ambrose, 176 AD3d 1148, 1151). In any event, they are without merit. Representation by an AFC in a contested custody matter "remains the strongly preferred practice" and is within the sound discretion of the trial court (id. at 1151 [internal quotation marks omitted]; see Family Ct Act § 249[a]; Judiciary Law § 35[8]; 22 NYCRR 7.2[a]; Matter of Quinones v Quinones, 139 AD3d 1072, 1074). Given the children's ages and the highly contested nature of this custody matter, the Supreme Court providently exercised its discretion in appointing an AFC to "zealously advocate the child[ren's] position" (22 NYCRR 7.2[d]; see Family Ct Act § 241; Silverman v Silverman, 186 AD3d 123, 125), and to be present during in camera interviews with the children (see Eschbach v Eschbach, 56 NY2d 167, 173; Matter of Masiello v Milano, 180 AD3d 683, 685; Matter of Lopez v Reyes, 171 AD3d 1179, 1180-1181).
Additionally, "[c]ourts are authorized to direct that a parent who has sufficient [*2]financial means to do so pay some or all of the [AFC's] fees" (Matter of Young v Young, 161 AD3d 1182, 1182 [alterations and internal quotation marks omitted]; see 22 NYCRR 36.4; Judiciary Law § 35[3]; Pascazi v Pascazi, 65 AD3d 1202, 1203; Matter of Plovnick v Klinger, 10 AD3d 84, 89). The Supreme Court providently exercised its discretion in directing the plaintiff to pay a pro rata share of the AFC's fees and disbursements.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court