■ MARION ROIPHE, Respondent, v HERMAN ROIPHE, Appellant. — Judgment, Supreme Court, New York County (Albert P. Williams, J.), entered October 20, 1982, which, *inter alia,* awarded plaintiff ex-wife $4,272 plus interest on unpaid alimony, and counsel fees in the amount of $33,672.09, unanimously modified, on the law and the facts, to reduce the award of counsel fees to $3,500 and otherwise affirmed, without costs or disbursements. When these parties were divorced, a separation agreement dating from 1965 was incorporated into the decree. It provided alimony to the wife based on varying percentages of the husband's Federal tax-adjusted gross income. The agreement also required the husband to supply the wife with copies of his Federal tax returns and to maintain in force certain insurance policies. The ex-wife brought this action: (1) to recover $39,224 alleged to be alimony that was due and unpaid; (2) to obtain copies of the defendant's tax returns; (3) to direct the defendant to obtain the required policies. The plaintiff was granted summary judgment for reliefs (2) and (3) but entry was reserved pending judgment after a trial on relief (1). The trial court denied the plaintiff relief (1) but, in addition to counsel fees, awarded her $4,272, being alimony withheld by the defendant during the pendency of the action. While the defendant's notice of appeal runs to the entire judgment except for that provision respecting the insurance policies, his brief limits his appeal to the award of counsel fees in the sum of $33,672.09 which includes an accountant's fee of $5,552.25. Section 238 of the Domestic Relations Law grants the court discretion to award counsel fees in any proceeding to enforce the monetary terms of a decree of divorce. Manifestly, the court has been granted this discretion in order to discourage the bringing of "unnecessary and expensive litigation" (*Fabrikant v Fabrikant,* 19 NY2d 154, 159). The only litigated aspect of this action was the major claim for the alleged unpaid alimony of $39,244. The trial court found this claim to have no merit, that the defendant had not avoided his obligations as alleged in the complaint. We find no evidence that would lead us to conclude other than that this claim was needless. It was certainly expensive. We find, therefore, that the court abused its discretion to the extent that it awarded counsel fees beyond that which would be reasonable for obtaining the summary judgment relief and recovering the unpaid alimony of $4,272. For this, we find $3,500 to be reasonable. Concur — Asch, J. P., Silverman, Fein, Lynch and Kassal, JJ.