■ JOHN AVILDSEN, Appellant-Respondent, v MYROSLAWA PRYSTAY, Respondent-Appellant. ANN L. DETIERE et al., Nonparty Appellants. [657 NYS2d 611] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered January 30, 1996, awarding defendant's former attorneys counsel fees, unanimously modified, on the law, to the extent of remanding the matter for calculation of additional counsel fees due to both nonparty attorneys to include counsel fees incurred by defendant in her efforts to obtain child support and in setting aside the initial agreements between the parties including time spent by defense counsel in attempting to obtain counsel fees, and, as so modified, the judgment is affirmed, without

costs. The appeal from the order, same court and Justice, entered November 29, 1995, which directed entry of the aforesaid judgment, is unanimously dismissed, without costs, as subsumed in the appeal from such judgment.

In an order entered June 21, 1993, defendant was awarded compensatory damages in the amount of her legal fees as well as $225,000 for her pain and suffering and loss of earnings resulting from plaintiff's bad faith, malicious prosecution of this action. The IAS Court (Shirley Fingerhood, J.), concluded, as a matter of law, that "[d]efendant is entitled to recover the cost of *all* her legal fees in this litigation" (emphasis added) and ordered a reference on "[t]he amount of attorney's fees incurred by defendant over·the years." That order was unanimously affirmed by this Court (204 AD2d 154). Thus, the declaration of entitlement was fixed as of that date and all that remained was the calculation of the specific amount of attorneys' fees due. Such calculation should include an award for the time reasonably spent in attempting to obtain those attorneys' fees.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur— Murphy, P. J., Sullivan, Milonas, Rubin and Andrias, JJ.