■ ARLENE BROD, Respondent, v MICHAEL BROD, Appellant.
[852 NYS2d 272]—

In a matrimonial action in which the parties were divorced by judgment entered October 16, 1979, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated June 4, 2007, as granted that branch of the plaintiff's motion which was for an award of counsel fees in the sum of $1,225, payable by him, and denied his cross motion for a determination that he was not responsible for certain medical insurance coverage.

Ordered that the order is affirmed insofar as appealed from, with costs.

A settlement agreement in a matrimonial action is a contract subject to principles of contract interpretation (*see Bloomfield v Bloomfield*, 97 NY2d 188, 193 [2001]; *Slatt v Slatt*, 64 NY2d 966, 967 [1985]; *Oakes v Oakes*, 38 AD3d 865 [2007]). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (*Matter of Schiano v Hirsch*, 22 AD3d 502, 502-503 [2005]; *see Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Sieratzki v Sieratzki*, 8 AD3d 552, 554 [2004]). Under the circumstances of this case, the Supreme Court properly determined that the defendant was financially responsible for the continuation of the medical insurance policy in existence at the time of the parties' agreement, which was incorporated but not merged into the parties' judgment of divorce.

Similarly, the court properly awarded counsel fees to the plaintiff pursuant to the agreement, which provided that counsel fees would be awarded to the prevailing party involved in an enforcement motion (*see Mirkin v Mirkin*, 43 AD3d 1115 [2007];

*Shanon v Patterson*, 38 AD3d 519 [2007]; *Arato v Arato*, 15 AD3d 511, 512 [2005]; *Sieratzki v Sieratzki*, 8 AD3d 552, 554 [2004]). The amount of counsel fees awarded adequately reflected the time spent, which was reasonably related to the issues litigated (*see Roiphe v Roiphe*, 98 AD2d 676 [1983]). Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.