OPINION OF THE COURT
Per Curiam.
Order, dated August 9, 2007, insofar as appealed from and appealable, affirmed, without costs.
Landlord commenced this nuisance holdover summary proceeding against tenant in May 2006, asserting, among other things, that tenant often played loud music in her apartment that interfered with other tenants’ enjoyment of their respective leaseholds. On July 6, 2006, following extensive negotiations, the parties entered into a stipulation settling the proceeding; the stipulation was signed by landlord’s attorney, tenant’s attorney and tenant herself. The stipulation prohibited tenant, during a probationary period, from engaging in certain conduct, and, in the event of an alleged breach of the stipulation by tenant, permitted landlord to move to restore the matter to the calendar for a hearing on the issue of whether in fact the stipulation was breached. In the event the court determined after the hearing that the stipulation was breached, landlord was entitled to a final judgment of possession and issuance of a warrant of eviction.
In May 2007, approximately 10 months after the stipulation was executed, landlord moved to restore the proceeding for a hearing on whether tenant breached the stipulation during the probationary period. Tenant cross-moved to vacate the stipulation on the ground that, at the time the stipulation was executed, she lacked the mental capacity to enter into a binding contract. Civil Court granted landlord’s mo *95 tion and denied tenant’s cross motion, prompting this appeal.*
Stipulations of settlement are highly favored by the courts and not lightly cast aside (see Hotel Cameron, Inc. v Purcell, 35 AD3d 153 [2006]). Generally, to be relieved from the consequences of a stipulation of settlement, a party must show cause sufficient to invalidate a contract (see Hallock v State of New York, 64 NY2d 224, 230 [1984]). Sufficient cause exists to invalidate a contract where the party seeking to avoid the contract was, at the time the contract was entered into, incapable of comprehending and understanding the nature of the transaction at issue, or where that party, due to his or her mental illness, was unable to control his or her conduct (see Ortelere v Teachers’ Retirement Bd. of City of N.Y., 25 NY2d 196, 202 [1969]; Smith v Comas, 173 AD2d 535 [1991], lv denied 80 NY2d 754 [1992]). However, “[a] party’s competence is presumed and the party asserting incapacity bears the burden of proving incompetence” (Feiden v Feiden, 151 AD2d 889, 890 [1989]; see Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282 [2007]).
Here, tenant failed to carry her burden of proving that she lacked the mental capacity to enter into the stipulation (see generally Weissman v Weissman, 42 AD3d 448 [2007]). As Civil Court aptly noted, tenant’s papers in support of her cross motion contained neither competent medical evidence supporting tenant’s claim nor an affidavit from tenant herself. Moreover, the hearsay affirmation of tenant’s counsel did not provide competent evidence of tenant’s incapacity claim (see generally Mohrmann v Lynch-Mohrmann, 24 AD3d 735 [2005]; Torsiello v Torsiello, 188 AD2d 523 [1992]). Tenant’s attorney’s bald assertion (unsupported by any competent offer of proof) that certain, unspecified medical records supported tenant’s claim and that those records would be provided, “upon request,” to the court for in camera inspection did not compel the court to request and review those purported records. That a Mental Hygiene Law article 81 guardian was appointed for tenant approximately six months after the stipulation was executed did not, standing alone, raise a triable issue as to tenant’s mental capacity at the time the parties entered into the stipulation.
*96 McKeon, EJ., and Shulman, J., concur.

 After the subsequently conducted compliance hearing, Civil Court determined, in a written order, that tenant breached the stipulation by engaging in prohibited conduct. No appeal from that order (or the ensuing judgment) has been perfected.