■ RICHARD ROACH, Respondent, v ELIZABETH BENJAMIN, Appellant. [909 NYS2d 635]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 27, 2009, which denied defendant's motion to vacate a default and appoint for her a guardian ad litem, unanimously affirmed, without costs.

When defendant failed to appear at a hearing on June 24, 2009, the court granted judgment of possession and $6,129 in rent arrears to plaintiff landlord, which was entered on September 3. Defendant's submissions herein, on her motion to "nullify[ ] all proceedings in this action which occurred after the filing of the Complaint," were insufficient to demonstrate that she was incapable of prosecuting or defending her rights (thus necessitating appointment of a guardian), or that plaintiff actively concealed from the court any possible mental disability

with which defendant might have been afflicted at the time this action was commenced (*see Urban Pathways v Lublin*, 227 AD2d 186 [1996]). Moreover, the hearsay affirmation of defendant's counsel did not provide competent evidence of defendant's incapacity claim, and her assertion that she would subpoena her client's doctor should the motion court determine a hearing was necessary did not compel the court to request and review those purported records (*see 400 W. 59th St. Partners, LLC v Edwards*, 28 Misc 3d 93 [App Term 2010]). Declining to appoint a guardian under such circumstances, without a hearing, was a provident exercise of discretion, especially in light of defendant's failure to submit competent medical evidence in support of her assertion, and that decision was consistent with the court's own observations and familiarity with the history of the action. Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.