Order and judgment (one paper), Supreme Court, New York *456 County (Paul G. Feinman, J.), entered October 28, 2011, which, inter alia, granted plaintiffs motion for summary judgment declaring which defendant was the proper beneficiary of an insurance policy issued by plaintiff, granted defendant Lin’s cross motion for summary judgment declaring that Lin is the proper beneficiary of the life insurance policy, and denied defendant Chen’s cross motion for summary judgment declaring that the subject change in beneficiary form is void, unanimously affirmed, without costs.
Plaintiff and Lin made a prima facie showing that Chen was competent and unaffected by undue influence when he executed a change of beneficiary form for the life insurance policy. In opposition, Chen failed to raise triable issues of fact as to his mental capacity or the existence of a fiduciary or confidential relationship between him and plaintiff (see Kramer v Danalis, 66 AD3d 539, 539-540 [1st Dept 2009]). Plaintiffs medical evidence was unsworn and therefore insufficient to raise an issue of fact (see Henkin v Fast Times Taxi, 307 AD2d 814, 814-815 [1st Dept 2003]). Given Chen’s failure to submit competent medical evidence in support of his assertion of incapacity, the court was under no obligation to hold a hearing (see Roach v Benjamin, 78 AD3d 468, 469 [1st Dept 2010]).
We have considered Chen’s remaining contentions and find them unavailing. Concur — Gonzalez, P.J., Saxe, Catterson, Acosta and Gische, JJ.