# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

648.1
CA 13-00560
PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

DAWN STEFANIAK, PLAINTIFF,

V                                         MEMORANDUM AND ORDER

NFN ZULKHARNAIN, DEFENDANT-RESPONDENT.
-------------------------------------------------
ROBERTA L. REEDY, AS ADMINISTRATOR OF THE ESTATE
OF KEVIN M. REEDY, DECEASED, APPELLANT.

---

JENNIFER M. LORENZ, LANCASTER, FOR APPELLANT.

HOGAN WILLIG, PLLC, GETZVILLE (DIANE R. TIVERON OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

     Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered June 18, 2012.  The order, among other things,
denied the motion of Kevin M. Reedy, Esq. for an award of attorney's
fees from defendant.

     It is hereby ORDERED that the order so appealed from is modified
on the law by granting the motion in part, appointing Kevin M. Reedy,
Esq. nunc pro tunc as the Attorney for the Children pursuant to 22
NYCRR part 36, directing defendant to pay attorney's fees to appellant
and remitting the matter to Supreme Court, Erie County, to determine
the amount of those fees, and as modified the order is affirmed
without costs in accordance with the following Memorandum:  Under the
circumstances of this case, we conclude that there was good cause to
appoint Kevin M. Reedy, Esq. (Reedy) as the Attorney for the Children
pursuant to 22 NYCRR part 36, which governs the appointments of
attorneys for children "who are not paid from public funds" (22 NYCRR
36.1 [a] [3]), and that Supreme Court erred in failing to do so.  The
court described this case as "one of the most contentious and
protracted proceedings [it] has ever presided over," and we note that
it included what the attorney for appellant notes was two years of
litigation, 32 court appearances, a lengthy trial, and two significant
motions before this Court.  Given the unusual and complex nature of
this litigation, we conclude that it was essential that Reedy continue
his work on behalf of the children and thus that Reedy should have
been appointed as the Attorney for the Children pursuant to 22 NYCRR
part 36 nunc pro tunc.  In addition, we conclude that the court should
have ordered defendant, the monied spouse, to pay Reedy's fees (*see
Matter of Plovnick v Klinger*, 10 AD3d 84, 89-90; *cf. Redder v Redder*,
17 AD3d 10, 14-15; *see also Jain v Garg*, 303 AD2d 985, 985-986).  We
therefore modify the order accordingly, and we remit the matter to

Supreme Court to determine the amount of Reedy's fees following a
hearing, if necessary.

All concur except SMITH, J.P., and LINDLEY, J., who dissent and
vote to affirm in the following Memorandum:  We respectfully disagree
with the majority's conclusion that Supreme Court should have
determined that there was good cause to appoint Kevin M. Reedy, Esq.
(Reedy) as the attorney for the children (AFC) nunc pro tunc pursuant
to 22 NYCRR part 36.  We therefore dissent, and would affirm the
order.  The majority concludes that, due to the contentious and
protracted nature of the litigation, "it was essential that Reedy
continue his work on behalf of the children."  That conclusion is
inaccurate.  Reedy originally represented these children in Family
Court.  Consequently, Supreme Court appointed him as a "state pay" AFC
pursuant to section 243 of the Family Court Act when the case first
appeared there in 2009, and he continued to represent the children's
interests throughout this litigation.  Thus, when Reedy moved, by his
purported "Order to Show Cause" dated January 3, 2012, to be appointed
as a "private pay" AFC pursuant to 22 NYCRR part 36, the only issue
before Supreme Court was whether he would continue to represent the
subject children as a state pay AFC, or whether he should be appointed
as a private pay AFC.  In other words, the only issue was by whom
Reedy would be paid for the work he had already performed and whether
his compensation would be subject to the cap on attorney's fees for
state pay AFCs contained in section 35 (3) of the Judiciary Law.

Initially, we note that "Supreme Court has the same power as that
of Family Court to appoint [an AFC] in connection with custody
proceedings arising from a divorce action" (*Davis v Davis*, 269 AD2d
82, 84), and thus the parties correctly agree that Supreme Court
properly appointed Reedy as an AFC.  When appointing a private pay
AFC, however, the court was required to comply with 22 NYCRR article
36, which states in pertinent part that "[a]ll appointments pursuant
to this Part shall be made by the appointing judge from the
appropriate list of applicants established by the Chief Administrator
of the Courts pursuant to section 36.3 of this Part . . . An
appointing judge may appoint a person or entity not on the appropriate
list of applicants upon a finding of good cause" (22 NYCRR 36.2 [b]
[1], [2]).  It is undisputed that Reedy was not on the appropriate
list of applicants, and thus the court could only appoint him pursuant
to the regulation upon a finding of good cause.

Contrary to the majority, we conclude that Reedy failed to
establish good cause to change his appointment to that of a private
pay AFC.  As noted, he had been appointed as AFC for the subject
children in Supreme Court two years before his application and there
was no request that he be replaced.  Thus, his contention and that of
his estate that continuity of representation constituted good cause to
change the appointment is belied by the record.  Contrary to Reedy's
further contention, he was not limited to the statutory maximum
compensation of $4,400 (*see* Judiciary Law § 35 [3]), if he was indeed
required to put forth extraordinary efforts in this case.  The
Judiciary Law permits the court to exceed the statutory maximum "[i]n
extraordinary circumstances" (*id.*).  Consequently, the statutory

maximum was not a basis for a finding of good cause to change his assignment.  Furthermore, Reedy did not submit the motion seeking to change his appointment to private pay AFC until more than two years had passed after his initial appointment as a state pay AFC.  Thus, Reedy's failure to seek that order before performing the work created a situation in which defendant would be subjected to two years' worth of attorney's fees for Reedy without having had any notice that such fees were accumulating.  Inasmuch as Reedy failed to establish that there was good cause to appoint him as a private pay AFC instead of permitting him to continue representing the subject children as a state pay AFC, and further failed to submit any reason why such an order should be entered nunc pro tunc despite defendant's lack of record notice that he would be required to pay for Reedy's services, we conclude that the court properly denied Reedy's motion.

Entered:  July 11, 2014                          Frances E. Cafarell
                                                 Clerk of the Court