# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**853**

**CA 13-01023**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

RONALD C. VANYO, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ANN M. VANYO, DEFENDANT-APPELLANT.

---

JUSTIN S. WHITE, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (ROBERT R. VARIO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered October 5, 2012. The order and judgment imposed monetary sanctions on defendant.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum:  In this postjudgment proceeding to enforce the terms of a judgment of divorce, defendant contends that Supreme Court erred in directing her to pay plaintiff's counsel fees and in imposing other sanctions.  We previously decided defendant's appeal from the judgment of divorce (*Vanyo v Vanyo*, 79 AD3d 1751, 1751), which judgment, inter alia, directed that the former marital residence be sold and the proceeds divided between the parties.  Plaintiff, by several orders to show cause, sought and obtained orders requiring defendant to cooperate with various phases of the process of selling the property. Those orders required defendant, among other things, to sign documents allowing the property to be listed for sale, provide a key to the residence to the realtor with whom the property was listed, permit prospective purchasers and their agents access to the property, and properly maintain the property.  There were numerous court appearances with respect to those orders to show cause and the relief requested, at which the court and the parties discussed the events at issue on appeal.  In response to one such order to show cause, the court issued an order directing defendant to "execute a listing contract prepared by" the listing agent by the close of business on March 8th.  The order further provided that, if defendant failed to do so, she was to pay a fine of $250 per day to plaintiff "until a proper listing contract, as determined by th[e] [c]ourt, has been executed by" defendant, and the court granted plaintiff's request for counsel fees. Another interim order appointed a receiver to sell the property on behalf of defendant, and that receiver eventually prepared the necessary papers permitting the property to be listed for sale.

Contrary to defendant's contention, the court properly calculated the fines and counsel fees without first holding a hearing. Defendant's contention that she provided a key by mail in June is belied by her submission of emails establishing that no key was received until July 10th.  Those emails also belie her contention that a key was hand-delivered on July 3rd, and in any event she failed to submit an affidavit from the unidentified person who allegedly hand-delivered the key.  Under these circumstances, the court's determination that defendant had failed to comply with the earlier order, "without a hearing, was a provident exercise of discretion, especially in light of defendant's failure to submit competent . . . evidence in support of her assertion[s], and that [determination] was consistent with the court's own observations and familiarity with the history of the action" (*Roach v Benjamin*, 78 AD3d 468, 469; *see Skidelsky v Skidelsky*, 279 AD2d 356, 356).

Finally, the evidence in the record establishes that there were several interim court appearances at which counsel for the parties discussed the key and access to the property, the state of repair of the property, and the execution of documents required to list the property.  The court, after hearing from counsel, made determinations at those appearances concerning the issues that are now raised on appeal, but we do not consider those determinations because defendant failed to include the transcripts of those appearances in the record on appeal.  Defendant, "as the appellant[], must suffer the consequences of having submitted an incomplete record" (*Gaiter v City of Buffalo Bd. of Educ.*, 118 AD3d 1507, 1508; *see Matter of Lopez v Lugo*, 115 AD3d 1237, 1237).

Entered:  September 26, 2014                        Frances E. Cafarell
                                                   Clerk of the Court