# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

808
CA 14-01199
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

SUSAN TERASAKA, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

DAVID TERASAKA, DEFENDANT-APPELLANT.

---

HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

ALDERMAN AND ALDERMAN, SYRACUSE (EDWARD B. ALDERMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered September 16, 2013 in a divorce action. The order, among other things, distributed the marital assets.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order that, inter alia, equitably distributed the parties' marital property in a divorce action. We reject defendant's contention that Supreme Court erred in determining that the disputed trust account, funded with plaintiff's premarital property and property acquired by gift or inheritance, was plaintiff's separate property. It is well settled that separate property that is " 'commingled with marital property or is subsequently titled in the joint names of the spouses is presumed to be marital property' " (*Gately v Gately*, 113 AD3d 1093, 1094, *lv dismissed* 23 NY3d 1048), and that "[t]he party seeking a finding of separate property has the burden of rebutting that presumption" (*id.*). Here, the uncontroverted evidence at trial "trace[d] the source of the [commingled] funds . . . with sufficient particularity to rebut the presumption that they were marital property" (*id.* at 1903 [internal quotation marks omitted]). Defendant stipulated to the introduction in evidence of the forensic accounting report prepared by plaintiff's accountant "subject to whatever legal arguments either party may advance" regarding certain aspects of the report. Furthermore, plaintiff's accountant was the only expert witness who testified regarding the report and the ability to distinguish plaintiff's separate property from the parties' marital property even after they were commingled. Plaintiff also rebutted the presumption that the commingled separate property is now marital property by establishing that her transfer of her separate funds into a marital checking account for 95 days was merely a convenient means of transferring her

separate funds into her trust account (*see Noble v Noble*, 78 AD3d 1386, 1389).  Furthermore, the marital checking account in which the funds at issue were commingled was held only in plaintiff's name (*see Chamberlain v Chamberlain*, 24 AD3d 589, 593).

Finally, contrary to defendant's contention, the court properly ordered him to pay the fees of the Attorney for the Child (AFC) inasmuch as the record establishes that there was a significant "economic disparity between the parties[' incomes]" (*Veronica S. v Philip R.S.*, 70 AD3d 1459, 1461; *see Stefaniak v NFN Zulkharnain*, 119 AD3d 1418, 1419).  Although defendant asserts that plaintiff engaged in obstructionist conduct with respect to the AFC, the record does not establish that plaintiff's motion to remove the AFC was frivolous.

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court