■ LORI A. BORES, Appellant, v WILLIAM G. BORES, Respondent. [23 NYS3d 11]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about May 22, 2014, which, to the extent appealed from as limited by the briefs, granted defendant's motion (1) to be appointed as a temporary receiver of the marital property, (2) for a money judgment against plaintiff in

the amount of $6,401.82 for unreimbursed medical expenses, and (3) for legal fees in the amount of $3,500; and denied plaintiff's cross motion for downward modification of her child support obligation, unanimously affirmed, without costs.

Plaintiff's argument that the motion court improperly appointed defendant as a receiver to effectuate a sale of the marital residence has been rendered academic by defendant's unrefuted claim that the residence was sold during the pendency of this appeal (*see Matter of Huntington Hebrew Congregation of Huntington v Tanenbaum*, 62 AD3d 704, 705 [2d Dept 2009], *lv dismissed in part, denied in part* 13 NY3d 854 [2009]). In any event, the appointment was proper, given plaintiff's obstruction and delaying tactics (*Stern v Stern*, 282 AD2d 667, 668 [2d Dept 2001]), and given the "acrimonious relationship between the parties" (*Lutz v Goldstone*, 42 AD3d 561, 563 [2d Dept 2007]).

The motion court properly awarded $6,401.82 to defendant for the unreimbursed medical expenses of the parties' infant child. The parties' judgment of divorce specifically provided that plaintiff would contribute 52.5% of the unreimbursed medical expenses, and she failed to do so. She also failed to dispute the amount owed.

Plaintiff failed to show a substantial change in circumstances to warrant a downward modification of her child support obligation (Domestic Relations Law § 236 [B] [9] [b] [2] [i]; *Matter of Parascandola v Aviles*, 59 AD3d 449, 450 [2d Dept 2009]). Plaintiff's monthly income had actually increased from the time of the initial child support determination, and she failed to show that her overall claimed expenses had significantly changed from that time. We decline to consider her challenges to the Referee's initial child support recommendation, since she never appealed from the order confirming the Referee's report, nor did she appeal from the judgment of divorce, which incorporated the order (*see Angel v O'Neill*, 114 AD3d 486, 486 [1st Dept 2014], *lv dismissed in part, denied in part* 24 NY3d 933 [2014]).

The motion court's award of counsel fees to defendant in the amount of $3,500 was reasonable and a provident exercise of its discretion (*see* Domestic Relations Law § 238; *Roiphe v Roiphe*, 98 AD2d 676, 676 [1st Dept 1983]), particularly given the validity of defendant's enforcement motion and plaintiff's failure to offer, in most instances, any valid defenses to defendant's multiple claims of nonpayment.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Andrias, Gische and Kapnick, JJ.