Stefaniak v Zulkharnain (2020 NY Slip Op 00961)





Stefaniak v Zulkharnain


2020 NY Slip Op 00961


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1186 CA 18-01588

[*1]DAWN STEFANIAK, PLAINTIFF,
v
NFN ZULKHARNAIN, DEFENDANT-APPELLANT. - ROBERTA L. REEDY, AS ADMINISTRATOR OF THE ESTATE OF KEVIN M. REEDY, DECEASED, RESPONDENT. 






MICHAEL A. ROSENHOUSE, ROCHESTER, FOR DEFENDANT-APPELLANT.
MATTINGLY CAVAGNARO, LLP, BUFFALO (CHRISTOPHER S. MATTINGLY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 2, 2017. The order and judgment, among other things, awarded Roberta L. Reedy, as administrator of the estate of Kevin M. Reedy a money judgment against defendant in the amount of $70,890.00. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified in the exercise of discretion and on the law by striking from the first decretal paragraph the figure of 708.0 and replacing it with the figure 475.0, and by striking from the first and second decretal paragraphs the amount of $70,890.00 and replacing it with the amount of $47,500.00, and as modified the order and judgment is affirmed without costs.
Memorandum: In this action for divorce and ancillary relief, defendant appeals from an order and judgment that awarded $70,890.00 to Roberta L. Reedy, as administrator of the estate of Kevin M. Reedy (respondent) for Reedy's work as the Attorney for the Children (AFC). On a prior appeal, this Court concluded that Reedy should have been appointed as the AFC pursuant to 22 NYCRR part 36 nunc pro tunc and that defendant must pay Reedy's fees. We thus remitted the matter to Supreme Court to "determine the amount" of Reedy's fees following a hearing, if necessary (Stefaniak v NFN Zulkharnain, 119 AD3d 1418, 1419 [4th Dept 2014]). Upon remittal, the court concluded that this Court's order limited the remittal to a determination of the hourly rate to be used to calculate the amount of attorney's fees and that "the number of hours performed by Mr. Reedy cannot be questioned at this stage." The court then determined that the rate to be used was $100.00 per hour, applied that rate to the 708.90 hours that Reedy had previously claimed, and entered judgment accordingly. We agree with defendant that the court erred in concluding that our prior order precluded defendant from challenging the number of hours for which Reedy sought compensation.
Our prior order unequivocally directed the court to calculate the amount of Reedy's fees. An award of attorney's fees must be "calculated on the basis of the . . . hours actually and reasonably spent on the matter by . . . counsel, multiplied by counsel's reasonable hourly rate" (Hayes v Ontario Plastics, 6 AD3d 1122, 1122 [4th Dept 2004]; see generally Matter of Freeman, 34 NY2d 1, 9 [1974]). In assessing the reasonableness of the hours spent by counsel, the issue "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in the same time expenditures" (Grant v Martinez, 973 F2d 96, 99 [2d Cir 1992]). Thus, upon remittal the court was required, inter alia, to determine an award of attorney's fees that adequately reflected both the time spent and whether such time "was reasonably related to the issues litigated" (Brod v Brod, 48 AD3d 499, 500 [2d Dept 2008]; see e.g. Avildsen v Prystay, 239 AD2d 131, 132 [1st Dept 1997]; Bauin v Feinberg, 6 Misc 3d 1038[A], 2005 NY Slip Op 50343[U], *10 [Civil Ct, [*2]NY County 2005]). Here, especially in light of Reedy's prior concession that the amount sought was excessive, we conclude that the court abused its discretion in fixing the amount of fees without determining the reasonableness of the number of hours included in Reedy's fee request (see generally Owens v Tompkins Bank of Castile, 170 AD3d 1683, 1685 [4th Dept 2019]; 542 E. 14th St. LLC v Lee, 66 AD3d 18, 24-25 [1st Dept 2009]).
Contrary to respondent's contention, the court's statement in its earlier decision that "[n]o one has questioned the number of hours [Reedy] has claimed" did not become law of the case. The doctrine of law of the case "applies only to legal determinations that were necessarily resolved on the merits in a prior decision" (Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2d Dept 2006]; see Town of Angelica v Smith, 89 AD3d 1547, 1550 [4th Dept 2011]). Consequently, the doctrine does not apply where, as here, the court makes statements that are "mere dicta" (Donahue v Nassau County Healthcare Corp., 15 AD3d 332, 333 [2d Dept 2005], lv denied 5 NY3d 702 [2005]; see Palmatier v Mr. Heater Corp., 163 AD3d 1228, 1230 [3d Dept 2018]; Atlantic Aviation Invs. LLC v MatlinPatterson Global Advisers LLC, 117 AD3d 415, 416 [1st Dept 2014]). Inasmuch as the court's ultimate ruling in its earlier decision was that Reedy was not entitled to compensation as a private pay AFC, the court's statement about the number of hours that he worked was dictum.
Under the circumstances of this case and in light of the fact that "this Court's discretion to award counsel fees is as broad as that of the trial court" (Estate of Savage v Kredentser, 167 AD3d 1344, 1345 [3d Dept 2018]; see Greenfield v Greenfield, 234 AD2d 60, 62 [1st Dept 1996]), we exercise our discretion to award respondent compensation for 475.0 hours of work reasonably performed on behalf of the children of the parties at the unchallenged rate of $100.00 per hour. Therefore the award should be reduced to $47,500.00, and we modify the order and judgment accordingly.
We have considered defendant's remaining contention and we conclude that it is without merit (see Pinto v Pinto, 260 AD2d 622, 622 [2d Dept 1999], lv denied 93 NY2d 817 [1999], rearg denied 94 NY2d 876 [2000]; Cameron v Cameron, 238 AD2d 925, 926 [4th Dept 1997]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court