Christa Constr., LLC v Vanguard Light Gauge Steel Bldgs. (2020 NY Slip Op 01986)





Christa Constr., LLC v Vanguard Light Gauge Steel Bldgs.


2020 NY Slip Op 01986


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


199 CA 19-01912

[*1]CHRISTA CONSTRUCTION, LLC, PLAINTIFF-RESPONDENT,
v
VANGUARD LIGHT GAUGE STEEL BUILDINGS, A DIVISION OR SUBSIDIARY OF SHELTER2HOME, LLC, DEFENDANT-APPELLANT. (APPEAL NO. 3.) 






KUSHNICK PALLACI PLLC, BOHEMIA (JEFFREY A. LHUILLIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ERNSTROM & DRESTE, LLP, ROCHESTER (TIMOTHY D. BOLDT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered March 19, 2019. The judgment awarded plaintiff the sum of $114,468.11. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Defendant appeals from a judgment entered following an inquest on damages, which was held after Supreme Court granted plaintiff's motion to strike defendant's answer and counterclaims based on its failure to comply with discovery demands. On appeal, defendant contends that the court erred in striking its answer and counterclaims. We conclude that the appeal must be dismissed. "It is incumbent upon an appellant to assemble a proper record, including the relevant documents that were before the lower court, and appeals will be dismissed when the record is incomplete" (Matter of Pratt v Anthony, 30 AD3d 708, 708 [3d Dept 2006]; see Fink v Al-Sar Realty Corp., 175 AD3d 1820, 1820-1821 [4th Dept 2019]; Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]). Specifically, "[t]he record on appeal must include any relevant transcripts of proceedings before the [court]' " (Kai Lin v Strong Health [appeal No. 1], 82 AD3d 1585, 1586 [4th Dept 2011], lv dismissed in part and denied in part 17 NY3d 899 [2011], rearg denied 18 NY3d 878 [2012]). Here, defendant failed to include in the record transcripts of several court appearances during which counsel for the parties discussed, inter alia, whether defendant complied with a conditional order to strike and, if not, whether it demonstrated a reasonable excuse for that failure and the existence of a meritorious defense to the action (see generally Legarreta v Neal, 108 AD3d 1067, 1070 [4th Dept 2013]). Without those transcripts, this Court cannot undertake meaningful review of defendant's contentions on appeal (see Vanyo v Vanyo, 120 AD3d 1536, 1537 [4th Dept 2014]), and we thus dismiss the appeal (see Mergl, 19 AD3d at 1147).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court