LaPoint v Claypoole (2021 NY Slip Op 03947)





LaPoint v Claypoole


2021 NY Slip Op 03947


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


316 CA 20-00185

[*1]RENEE LAPOINT, PLAINTIFF-RESPONDENT,
v
KEVIN CLAYPOOLE, DEFENDANT-APPELLANT. 






KELLY WHITE DONOFRIO LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WESLEY CLARK & PESHKIN LLP, ROCHESTER (SARAH E. WESLEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from a judgment of the Supreme Court, Monroe County (Gail Donofrio, J.), entered December 30, 2019 in a divorce action. The judgment, inter alia, equitably distributed the parties' marital assets. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by awarding defendant a separate property credit in the amount of $116,919.60 and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant husband appeals from a judgment of divorce that, inter alia, equitably distributed the parties' marital assets. We agree with defendant that Supreme Court erroneously determined that defendant's contribution of $116,919.60 toward the down payment on the marital home constituted marital property subject to equitable distribution. " '[T]he initial determination of whether a particular asset is marital or separate property is a question of law, subject to plenary review on appeal' " (Pooler v Pooler, 154 AD3d 1305, 1305-1306 [4th Dept 2017], quoting Fields v Fields, 15 NY3d 158, 161 [2010]). Although funds deposited into a jointly-owned bank account are presumed to be marital property (see Banking Law § 675 [b]; Richter v Richter, 77 AD3d 1470, 1471 [4th Dept 2010]; Frost v Frost, 49 AD3d 1150, 1151 [4th Dept 2008]), a party may rebut that presumption by establishing that "such deposits were made as a matter of convenience, without the intention of creating a beneficial interest" (Noble v Noble, 78 AD3d 1386, 1389 [3d Dept 2010] [internal quotation marks omitted]; see also Terasaka v Terasaka, 130 AD3d 1474, 1475 [4th Dept 2015]). Here, defendant offered uncontroverted testimony, supported by documentary evidence, that he placed funds acquired from the sale of stocks he had purchased prior to the marriage into the parties' joint bank account because it was his only checking account and he could not access the funds directly from the platform from which he sold the stock (see Noble, 78 AD3d at 1389). The funds remained in the account for only a matter of weeks before defendant withdrew a majority of them to pay a portion of the down payment for the marital home (see Terasaka, 130 AD3d at 1475). Thus, defendant established that the account was used "only as a conduit" for the sale of his stock (Brugge v Brugge, 245 AD2d 1113, 1114 [4th Dept 1997]). The funds therefore maintained their character as separate property, and defendant is entitled to a credit for his portion of the down payment (see generally Rivera v Rivera, 126 AD3d 1355, 1356 [4th Dept 2015]). We therefore modify the judgment accordingly and remit the matter to Supreme Court to recalculate the distributive award based on that credit.
We reject defendant's contention, however, that the court erred in failing to award him credits for certain carrying costs and expenses relating to the repair and sale of the marital home. To the extent that defendant challenges the court's ruling that documentary evidence regarding those expenses was inadmissible, we note that defendant failed to include the transcripts and relevant papers related to that ruling in the record on appeal, and therefore he,
" 'as the appellant[], must suffer the consequences of having submitted an incomplete record' " [*2](Vanyo v Vanyo, 120 AD3d 1536, 1537 [4th Dept 2014]; see Cherry v Cherry, 34 AD3d 1186, 1186 [4th Dept 2006]). We have reviewed defendant's remaining contentions, and we conclude that they are without merit.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court