Hofmann v Hofmann (2023 NY Slip Op 00158)

Hofmann v Hofmann

2023 NY Slip Op 00158

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 312822/15 Appeal No. 17060-17061 Case No. 2020-04910, 2022-01826 

[*1]Philip Hofmann, Plaintiff-Appellant,
v
Dina Hofmann, Defendant-Respondent.

Mosberg Sharma Stambleck Gross LLP, New York (Jillian E. Gross of counsel), for appellant.
The McPherson Firm, P.C., New York (Laurie J. McPherson of counsel), for respondent.

Order, Supreme Court, New York County (Douglas E. Hoffman, J.), entered April 11, 2022, which granted plaintiff's motion for leave to reargue and, upon reargument, adhered to its prior determinations awarding interest at the statutory rate of 9% on cash distributions that had been received by plaintiff from certain shares and investments (the Oaktree Assets) that had been awarded to defendant, directing plaintiff to pay the storage and insurance costs associated with the marital boat pending its sale, and awarding defendant counsel fees, and denied plaintiff's motion for a downward modification of his child support obligations, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 27, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the April 11, 2022 order.
The court correctly awarded defendant statutory interest on the cash distributions received by plaintiff from the shares of the Oaktree Assets that were reallocated to defendant pursuant to a prior decision by this Court's in this case (173 AD3d 531, 532 [1st Dept 2019]) (see Purpura v Purpura, 261 AD2d 595, 597 [2d Dept 1999], lv dismissed and denied 94 NY2d 850 [1999]). The statutory interest rate of 9% was presumptively fair and reasonable, and its adoption was a provident exercise of the court's discretion (see Rodriguez v New York City Hous. Auth., 91 NY2d 76, 81 [1997]).
Contrary to plaintiff's contention, the court correctly directed that interest accrue from the later of the entry of the judgment of divorce or postjudgment issuance of the cash distributions to plaintiff. Plaintiff's contention that the accrual date should be the date of issuance of this Court's 2019 decision, rather than the entry of the judgment, is unavailing (see Theophilova v Dentchev, 111 AD3d 463, 464 [1st Dept 2013]). Moreover, plaintiff has not demonstrated his entitlement to have interest tolled on the amounts that he had placed in escrow pending resolution of the parties' dispute over the outstanding cash distributions owed to defendant (see Purpura, 261 AD2d at 597).
The court providently exercised its discretion in declining to grant plaintiff a downward modification of his child support obligations based on the reallocation of marital assets as ordered in our 2019 decision (see Domestic Relations Law §§ 236B[9][b][2][i]; [ii][B]). Even with the reallocation of the assets, plaintiff still has significant earning potential, despite his claim that he had "retired" prior to the commencement of this action, and considerable assets.
The court's award of counsel fees to defendant under Domestic Relations Law § 238 was also a provident exercise of discretion, as plaintiff's noncompliance with his obligation under the judgment to provide a timely accounting of the cash distributions prompted defendant to file an enforcement motion (see Bores v Bores, 134 AD3d 527, 528 [1st Dept 2015]). We note that counsel fees have yet to be determined[*2], and the fees are to be limited to the preparation and prosecution of motion sequence 13 to enforce the judgment.
We have considered and rejected plaintiff's remaining arguments. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023